493 So.2d 316 (1986)
Mary George RIVES
v.
Jimmy PETERSON, d/b/a Peterson's Construction Co.
No. 56307.
Supreme Court of Mississippi.
July 30, 1986.
Rehearing Denied September 17, 1986.
*317 Ross F. Bass, Jr., Julie L. Sneed, Jones, Mockbee, Bass & Hodge, Jackson, for appellant.
Niles McNeel, Louisville, for appellee.
Before WALKER, C.J., and PRATHER and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This appeal from the Circuit Court of Winston County involves not only a business dispute but a family quarrel. Mrs. Rives made an oral agreement with her first cousin, Jimmy Peterson, to perform extensive repairs and additions to her house. While the work was in progress, Mrs. Rives became dissatisfied with certain aspects of Peterson's performance. After some arguments between the two, Peterson stopped work. There the matter stood until Peterson filed his petition to enforce a materialman's lien for work and supplies expended on the project. He alleged that Mrs. Rives owed him $14,341.75. Mrs. Rives answered, alleging that Peterson's accounts were wrong and that she was not liable to him in any event because his work was defective. She also counterclaimed for the amount she judged necessary for completing the project.
The cause was heard without a jury. In addition to hearing the testimony of witnesses, the trial judge went to the work site and viewed the actual property. At the close of the trial, he issued a judgment finding for Peterson on all issues, granting his petition and dismissing Mrs. Rives' counterclaim. Mrs. Rives perfected this appeal.
Where a circuit judge tries a cause without a jury, his finding is entitled to the same deference as a jury verdict  that is to say, this Court will not reverse unless it is manifestly wrong. Voss v. Stewart, 420 So.2d 761 (Miss. 1982); and Richardson v. Riley, 355 So.2d 667 (Miss. 1978). Furthermore, where (as here) the trial judge makes no specific finding of fact, this Court will assume that he made determinations of fact sufficient to support his verdict. Dungan v. Dick Moore, Inc., 463 So.2d 1094 (Miss. 1985); Cotton v. McConnell, 435 So.2d 683 (Miss. 1983); Culbreath v. Johnson, 427 So.2d 705 (Miss. 1983).
Recognizing that their appellate burden is a heavy one, counsel for Mrs. Rives have compiled an extensive verbal and photographic depiction of the supposed defects. But though we are impressed with their industry, we are still of the opinion that they have not quite met the onerous requirements of our rule.
*318 In this case, what particularly sways us toward the appellees is that the trial judge actually went out and looked at the disputed property, and obviously came to the opinion that the job was not so bad. His trip gives him an advantage that we, on appeal, obviously lack. Conceivably there are extreme cases in which our exposure to photographic and other evidence might convince us that the trial judge misunderstood what he saw with his own eyes. But the record before us falls short of establishing this as such a case.
The judgment of the trial court is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.