GRIFFIS, J.,
for the Court.
¶ 1. James Johnson appeals the judgment of the Circuit Court of Harrison County that dismissed his appeal from the county court for failure to prosecute.
FACTS
¶2. On July 29, 2002, Johnson commenced an eviction action against Marsha Gullette in justice court. On August 14, Johnson obtained a justice court judgment in the amount of $70 and court cost of $60. On August 28, 2002, Gullette attempted to pay the amount of the judgment and tendered money orders to Johnson. On September 3, 2002, Johnson refused payment, returned the money orders to Gullette, and locked Gullette out of the rental property.
¶ 3. On September 10, 2002, Gullette appealed the ease to the county court. Gullette filed her answer and a counterclaim, which sought damages for wrongful eviction, conversion, rental rebate, and fraud. Johnson filed an answer to the counterclaim.
¶ 4. A bench trial was held on June 20, 2003. Johnson voluntarily moved to dismiss his eviction action. An order was entered that dismissed the eviction action and declared the justice court judgment to be null and void. On Gullette’s counterclaim, the court entered a judgment in the amount of $1,875.27 in actual damages and $2,000 in punitive damages. Johnson then appealed the case to the circuit court. Gullette then filed a motion to dismiss the appeal, and the motion was denied by an order entered on November 6, 2003.
¶ 5. No further action taken until March 5, 2004, when Gullette again filed a motion to dismiss the case for non-prosecution. On March 15, 2004, Circuit Judge Jerry O. Terry granted Gullette’s motion and dismissed the appeal.
STANDARD OF REVIEW
¶ 6. The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and allow the court’s control of its own docket. Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990); Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). This Court will not disturb a trial judge’s finding on appeal unless it is manifestly in error. Id. The granting of motions for dismissal are subject to the sound discretion of the trial court. More importantly, this Court can reverse only where there has been an abuse of that judicial discretion. Carter v. Clegg, 557 So.2d 1187, 1190 (Miss.1990).
ANALYSIS
¶ 7. We first address the threshold issue of subject matter jurisdiction. Section 11-51-81 of the Mississippi Code Annotated provides that no appeal from the circuit court to the supreme court of any civil or criminal case which originated in justice court and was appealed to the county court and subsequently appealed to the circuit court, may be filed unless a constitutional question is involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court. Indeed, this action was originally filed in justice court. However, the claim that is in issue here originated in county court. The original justice court judgment was voluntarily dismissed by Johnson. The county court judgment was based on Gullette’s counterclaim, which was first brought in county court. Accordingly, this matter is properly before this Court.
*538 ¶ 8. With jurisdiction resolved, we must consider whether it was an abuse of discretion for the circuit court to dismiss Johnson’s appeal for failure to prosecute. The appeal in question here is the appeal from county court to circuit court. The procedure is controlled by the Mississippi Rules of Civil Procedure, the Uniform Rules of Circuit and County Court, and the Mississippi Rules of Appellate Procedure. American Investors, Inc. v. King, 738 So.2d 830, 832(¶ 4) (Miss.1999).
¶ 9. Rule 5.06 of the Uniform Rules of Circuit and County Court provides:
Briefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing and service, except that the parties should file only an original and one copy of each brief. The consequences of failure to timely file a brief will be the same as in the Supreme Court.
Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure provides, in pertinent part, that:
An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the coui't determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. When either the court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court.
¶ 10. Based on these rules, the circuit clerk was required to notify Johnson of the “nature of the deficiency” and allow him fourteen days to cure the defect before the case may be dismissed for failure to prosecute. Van Meter v. Alford, 774 So.2d 430, 432(¶ 3) (Miss.2000). Gullette’s motion to dismiss may not be a substituted for the clerk’s notice of deficiency. Id. In addition, the fourteen day period to correct any deficiencies begins to run on the clerk’s notice. Id.
¶ 11. Here, the circuit clerk did not give Johnson the required notice of deficiency. Thus, Johnson was deprived of due process rights. Id. We find that the court erred when it dismissed Johnson’s appeal. We remand the case for further proceedings consistent with this opinion.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, BARNES AND ISHEE, JJ„ CONCUR.