# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-IA-00884-SCT

*ILLINOIS CENTRAL RAILROAD COMPANY*

*v.*

*MARTHA MOORE, ADMINISTRATRIX OF THE*
*ESTATE OF WILLIE B. MOORE, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2006 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROMNEY HASTINGS ENTREKIN |
| | RICHARD A. FOLLIS |
| | VICKI R. LEGGETT |
| | PATRICK H. ZACHARY |
| ATTORNEYS FOR APPELLEE: | WAYNE DOWDY |
| | WILLIAM S. GUY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 09/04/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     On interlocutory appeal, this Court addresses whether the Circuit Court of Amite County, Mississippi, abused its discretion in denying Illinois Central Railroad Company's ("ICRR") Motion to Dismiss the suit filed by Martha Moore ("Moore"), the administratrix of the Estate of Willie B. Moore ("Willie").

## FACTS

¶2.    Willie began his employment with ICRR in 1960.  During the subsequent thirty-five years, he worked as a brakeman and conductor.  On October 6, 1995, Willie suffered a fatal heart attack while attending to his duties as a conductor.  On February 5, 1997, Moore filed suit in the circuit court against ICRR "for personal injury and death arising under the Federal Employers' Liability Act . . . , 45 U.S.C. § 51, et seq."  Specifically, Moore alleged that Willie previously had been diagnosed with diabetes and cardiovascular disease, of which ICRR was or should have been aware, and that Willie:

> was negligently allowed to lay and suffer without medical care or attention for an unreasonable period of time and . . . that [ICRR's] failure to provide medical emergency care in a reasonable timely manner and [ICRR's] assigning [Willie] to duties and assignments beyond his physical capacity caused and/or contributed to [Willie's] heart attack and his untimely death.

¶3.    The appellate record and the general civil docket of Amite County are devoid of activity exhibiting pursuit of the suit to judgment from December 28, 1998, until October 31, 2005, more than ten years after Willie's death.  The record and docket contain only four letters, in response to four separate Clerk's Motions to Dismiss for Want of Prosecution.  Each Clerk's Motion to Dismiss filed between May 24, 2001, and June 1, 2005, provides that "there has been no action of record in said case during the twelve (12) months preceding the date of this motion[,]" and "[t]his case will be dismissed unless within thirty (30) days of the date of this Notice, action of record is taken, or written application is made to the Court **and** good cause shown why such case should not be dismissed."  (Emphasis added).  The letters request and advise, as follows:

2

We respectfully request that the above referenced matter remain on the Court's active docket.  [June 4, 2001]

. . . .

We respectfully request that this case remain on the Court's active docket.  We have associated counsel to assist in moving this case to conclusion.  If anything further is needed, please let us know. [June 6, 2002]

. . . .

This is to advise that we do wish to have this case remain active on the Court's [d]ocket and we appreciate your assistance in this matter. [June 4, 2004]

. . . .

We respectfully request that the above referenced matter remain and continue on the Court's docket at this time. [June 20, 2005]

ICRR was served only with the June 20, 2005, letter.[1]

¶4.     On March 24, 2006, ICRR filed a Motion to Dismiss pursuant to Mississippi Rule of Civil Procedure 41(d),[2] claiming that "no action has been taken of record for over seven (7) years nor any written application made by [Moore] showing good cause as to why the case should not be dismissed . . . ."  Moore's response in opposition to the motion to dismiss asserted that (1) on March 14, 2006, Moore, by letter, requested deposition dates for two

_____

[1]Mississippi Rule of Civil Procedure 5(a) provides, in part, that "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, . . . every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, . . . and similar paper *shall be served upon each of the parties*."  Miss. R. Civ. P. 5(a) (emphasis added).

[2]The Motion to Dismiss alternatively sought dismissal pursuant to Mississippi Rule of Civil Procedure 41(b).

witnesses[3] and (2) "[a]t all times [Moore] has complied with the requirements set forth in MRCP 41(d)."

¶5.     On April 27, 2006, more than nine years after suit was filed, the circuit court conducted a hearing. At the close of the hearing, the circuit judge stated *inter alia*:

> [t]he Court is not going to dismiss the lawsuit. The Court is going to enter a scheduling order today. . . .
>
> I think the remedy of dismissal would be so unfair to the plaintiff. . . . [It] seems like there has been discovery done, it has been answered.[4] All of a sudden you're just going to dismiss it. There has been all of these years in between, nobody has filed a Motion to Dismiss under Rule 41.[5]

The circuit court then entered an order denying ICRR's Motion to Dismiss. On September 9, 2006, this Court entered an order granting ICRR's Petition for Permission to Appeal from Interlocutory Order.

---

[3]Uniform Circuit and County Court Rule 4.04(A) states, in part, that "[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension." U.C.C.C.R. 4.04(A). The record reflects no written motions by Moore requesting additional discovery time or setting forth good cause therefor, subsequent to March 17, 1997, the date ICRR filed its answer.

[4]The referenced discovery was interrogatories and requests for production of documents propounded by Moore on February 5, 1997, to which ICRR responded on April 25, 1997; ICRR's Notice of Service of Discovery on April 8, 1997, to which Moore responded on October 29, 1997; and Notice of Receipt of an unspecified original deposition filed on June 25, 1998. Thus, the last-referenced discovery occurred nearly eight years prior to the hearing.

[5]This is contradicted by the four separate Clerk's Motions to Dismiss for Want of Prosecution filed between May 24, 2001, and June 1, 2005.

4

**ISSUE**

¶6.   The dispositive issue we consider is:

(1) Whether the circuit court abused its discretion in denying ICRR's Motion to Dismiss pursuant to Mississippi Rule of Civil Procedure 41(d).

**ANALYSIS**

¶7.   Preliminarily, we analyze the context in which the Mississippi Rules of Civil Procedure are applied, along with their purpose, in the interest of balancing justice for all parties.  A "rule" is "[a]n *authoritative direction* for conduct."  Webster's II New College Dictionary 968 (3d ed. 2001) (emphasis added).  The Mississippi Rules of Civil Procedure:

> govern procedure in the circuit courts, chancery courts, and county courts in all suits of a civil nature, whether cognizable as cases at law or in equity, subject to certain limitations enumerated in Rule 81 . . . .  These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.

Miss. R. Civ. P. 1.  In other words, the Mississippi Rules of Civil Procedure are not mere suggestions or recommendations.  Compliance is a requirement toward the end of "secur[ing] the just, speedy, and inexpensive determination of every action."  Miss. R. Civ. P. 1.  Furthermore, ensuring compliance therewith is necessary, as "[a] rule which is not enforced is no rule."  ***Box v. State***, 437 So. 2d 19, 21 (Miss. 1983).

¶8.   Mississippi Rule of Civil Procedure 41(d)(1) provides, in part, that:

> [i]n all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, *action of record is taken or an application in writing* is made to the court ***and*** *good cause shown* why it should be continued as a pending case.  If action of record is not taken or good cause is not shown, the court ***shall*** *dismiss* each such case *without prejudice*.

5

Miss. R. Civ. P. 41(d)(1) (emphasis added). "Without an explicit definition or standard, what suffices as an action of record is left to the reasonable discretion of the trial court." ***Cucos, Inc. v. McDaniel***, 938 So. 2d 238, 242 (Miss. 2006). Accordingly, "[t]his Court will not disturb a trial court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." ***Id***. at 240 (citing ***Watson v. Lilliard***, 493 So. 2d 1277, 1279 (Miss. 1986)).

¶9. In ***Cucos***, there was no on-the-record activity between July 20, 2001, and October 16, 2002, a period of fifteen months.[6] On October 16, 2002, a Clerk's Motion to Dismiss for Want of Prosecution was filed.[7] On November 13, 2002, a responsive letter from McDaniel to the Jackson County Circuit Clerk stated, "[p]lease accept this letter as our notice that the above entitled matter should not be dismissed pursuant to the [c]lerk's motion to dismiss. If we need to take any additional action to prevent this dismissal, please notify us immediately."[8]

¶10. According to the Circuit Court of Jackson County, "[f]or some reason unknown to the [c]ourt, the [c]lerk's office failed to file the [November 13, 2002] letter in the court file to notify the [c]ourt of the Plaintiffs' wish to remain on the active docket." Thus, on November

---

[6]However, the appellate record included five letters between McDaniel, Cucos, Inc., and Dr. Chris Wiggins during that period. An October 1, 2001, letter from McDaniel to Cucos, Inc., related the following:

> [a]s to my offers to allow you to speak with Mr. McDaniel's treating physicians, in an effort to resolve this matter, I will be glad to allow you to do so via telephonic conferences and/or personal conferences without the necessity of seeking court authority or noticing depositions.

[7]Attached thereto was a "Certificate of Service" upon counsel for both parties.

[8]Counsel for Cucos, Inc. was served with this letter.

6

22, 2002, the circuit court filed an Order Dismissing for Want of Prosecution. In August 2004, following correspondence with Cucos, Inc., McDaniel filed a Motion to Set Aside Dismissal. McDaniel asserted that she had sent a responsive letter to the circuit clerk on November 13, 2002; that she was unaware of the dismissal until her August 2004 correspondence with Cucos, Inc.; and that the Order Dismissing for Want of Prosecution bore her name, "but with the wrong cause number on it . . . ." Following a hearing, the circuit court entered an Order Granting Plaintiffs' Motion to Set Aside Dismissal because the circuit clerk failed to file the November 13, 2002, letter; McDaniel was not provided with a copy of the Order Dismissing for Want of Prosecution; the common local practice was that "a letter or motion . . . sent to the clerk asking the case to remain on the active docket" was sufficient; and McDaniel had "been pursuing efforts to schedule conferences for defense counsel to talk with Plaintiffs' treating physicians in order to facilitate settlement. As a result, the Court finds that Plaintiffs have been pursuing efforts to 'hasten the suit to judgment.'" On appeal, this Court concluded that:

> [c]onsidering the *totality* of the trial court's findings, the trial court did not abuse its discretion in considering the McDaniels' letter in response to the Clerk's Motion to Dismiss for Want of Prosecution and the hearing it held on the issue as sufficient to prevent dismissal for want of prosecution pursuant to Miss. R. Civ. P. 41(d).

*Cucos*, 938 So. 2d at 247 (emphasis added).

¶11.    By contrast, in the case *sub judice* the only activity between December 28, 1998, and October 31, 2005, were the Clerk's Motions to Dismiss for Want of Prosecution and Moore's

7

letters. The combination of a nearly *seven*-year delay;[9] multiple service deficiencies as to ICRR, *see* Miss. R. Civ. P. 5(a); absence of clerk error prejudicing Moore;[10] and the absence of evidence revealing that such letters met common local practice,[11] clearly distinguishes the holding in ***Cucos***. Secondarily, Mississippi Rule of Civil Procedure 7(b) provides "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Miss. R. Civ. P. 7(b). Not only did Moore fail to make application by motion, but she also failed to properly serve notice on ICRR, for Moore certainly was seeking relief. *See* Miss. R. Civ. P. 5(a).

¶12.    More analogous, albeit less factually offensive, is ***Guidry v. Pine Hills Country Club, Inc.***, 858 So. 2d 196 (Miss. Ct. App. 2003). In ***Guidry***:

---

[9]This Court stated in ***Mississippi Farm Bureau Mutual Insurance Co. v. Parker***, 921 So. 2d 260 (Miss. 2005), lawyers "owe an absolute duty, as officers of the court, . . . to aid the trial courts to bring about fair and expeditious resolutions of the pending cases in which they are involved." ***Id***. at 265. *See also* U.C.C.C.R. 2.04 ("[i]t is the duty of the movant, when a motion or other pleading is filed, . . . to pursue said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion . . . .").

[10]For cases involving errors by the clerk of the court, *see **Cucos***, 938 So. 2d at 240 (failure of circuit clerk to file responsive letter and failure to furnish McDaniel with copy of the Order Dismissing for Want of Prosecution) and ***Walker v. Parnell***, 566 So. 2d 1213, 1218 (Miss. 1990) ("the issue in this case deals with a mistake by the clerk. Proper Notice was not given to the Walkers or even to their last attorney of record . . . .").

[11]A "common local practice" permitting such letters to suffice as "action of record" is questionable in light of rules declaring more is required. As such, recognizing "common local practices" which contradict the Mississippi Rules of Civil Procedure, *see* "Order Adopting the Mississippi Rules of Civil Procedure" (among the purposes of the Rules are "to promote . . . uniformity . . . ."), risks inequitable treatment of those unfamiliar with unwritten procedures.

[t]he case was on the docket in Calhoun County for five years. There have been two notices of dismissal for failure to prosecute. There was never a request for a trial setting nor a request to set the motions for hearings.

In a three year period, the only actions by Guidry were to keep the case on the docket.

*Id*. at 199. The Court of Appeals found that "Guidry's *motion* to remain on the active docket does nothing to move the case closer to a judgment on the merits." *Id*. (emphasis added). The Court of Appeals affirmed the trial court's dismissal. *See id*.

¶13. We find unwritten and unapproved[12] local customs or procedures which conflict with the Mississippi Rules of Civil Procedure must suffer the same demise as formal ancient writs such as "[w]rits of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review." Miss. R. Civ. P. 60(b) (abolishing such writs). *See also* Miss. R. Civ. P. 83(a) ("[t]he conference of circuit, chancery and county court judges may hereafter make uniform rules and amendments thereto concerning practice in their respective courts *not inconsistent with these rules*.") (emphasis added). We adopt the language from the dissent in *Cucos* that we will not:

> accept as an "action of record" . . . letter[s] the plaintif[f] sent to the Clerk which (1) d[o] nothing more than, in essence, say "don't dismiss our case," and (2) d[o] not even request that it be filed of record. If th[ese] letter[s] – which w[ere] not filed of record and which no one requested to be filed of record – compl[y] with the "action of record" portion of Rule 41(d), then why not a phone call or a passing conversation in the supermarket?

*Cucos*, 938 So. 2d at 248 (Dickinson, J., dissenting). To condone such effortless conduct, or to grant same equivalent status to a properly noticed motion, makes a mockery of the

---

[12]*See* Miss. R. Civ. P. 83(b) ("[a]ll such local rules and uniform rules adopted before being effective must be submitted to the Supreme Court of Mississippi for approval.").

Mississippi Rules of Civil Procedure.  To eliminate any question of what is an "application in writing" or "action of record," either a motion[13] to avoid dismissal of the cause or an actual "action of record" must be filed.

¶14.    A clear distinction exists between an "action of record," i.e., pleadings, discovery requests, deposition notices, etc., and an *ex parte* "application in writing" to the court, apart from a motion.  *See* Miss. R. Civ. P. 7(b)(1) ("[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.").  Parties advance a case to judgment through "actions of record."  Almost without exception,[14] parties can seek relief from the court only through motions, not via *ex parte* letters to clerks of the court.  Correspondingly, courts should speak through orders: if good cause is shown, favorably; absent good cause shown, unfavorably.  Any approach to the contrary is as logical as allowing parties to request continuances, summary judgment, or a new trial by *ex parte* letters.  Assuming *arguendo* such letters satisfy the Rule 41(d)(1) "application in writing" language, how is the "good cause shown" requirement met?  "Because I asked for it?"  Such practice violates notions of due process[15] and circumvents the Mississippi Rules of Civil

---

[13]A motion qualifies as both.

[14]*See* Rule 55(a) (providing example of exception).

[15]Applied to judicial proceedings, due process traditionally means "a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights." ***Pennoyer v. Neff***, 95 U.S. 714, 733, 24 L. Ed. 2d 565, 572 (1878), *overruled on other grounds*, ***Shaffer v. Heitner***, 433 U.S. 186, 212, 97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683, 703 (1977).

10

Procedure.[16]  There is nothing "just, speedy, and inexpensive," about permitting a party to delay taking action to obtain judgment for nearly *seven* years via letters merely requesting not to be dismissed, without any showing of good cause therefor, and without noticing the defendant on those letters.  *See* Miss. R. Civ. P. 1.  Given the inherent concerns regarding locating witnesses, fading memories, and increased costs to both litigants and burdening the court system, such a lengthy delay creates a strong presumption of prejudice which can be overcome only by a good cause finding.  Additionally, equal protection concerns require that courts be open to litigants on the same condition as others, with like rules of evidence and modes of procedure.  *See* Black's Law Dictionary 631 (4th ed. 1968).  To permit a one-sided application of Rule 41(d)(1) defies the text and spirit of our Rules.

¶15.    Given almost *seven* years of inactivity, Moore's letters cannot justly be considered in compliance with Rule 41(d) as actions of record.  Nor do these letters constitute "an application in writing . . . to the court," ***accompanied by*** "good cause shown why it should be continued as a pending case."  Miss. R. Civ. P. 41(d)(1).  Moore's letters made no attempt to offer good cause as to why the case should remain on the active docket.  The letters were completely silent on the issue of good cause.  Additionally, no "good cause shown" was offered at the hearing before the circuit court.  Since Moore's "application in writing" failed

---

[16]The purpose of the Mississippi Rules of Civil Procedure is "to promote justice, uniformity, and the efficiency of the courts . . . ."  *See* Order Adopting the Mississippi Rules of Civil Procedure.  Rule 1 provides, in part, that "[t]hese rules shall be construed to secure the *just, speedy, and inexpensive determination* of every action."  Miss. R. Civ. P. 1 (emphasis added).  According to the Comment to Rule 1, "[t]here probably is no provision in these rules more important than this mandate; it reflects the spirit in which the rules were conceived and written and in which they should be interpreted."  Miss. R. Civ. P. 1 cmt.

11

to establish "good cause," and no documentary or testimonial evidence was presented at the hearing demonstrating "good cause," Rule 41(d)(1) requires that the case ***shall*** be dismissed "without prejudice." Miss. R. Civ. P. 41(d)(1).

¶16. Should this Court condone Moore's flouting of the Mississippi Rules of Civil Procedure via four minimally responsive letters to separate Clerk's Motions to Dismiss for Want of Prosecution over a period of nearly *seven* years, trial courts would be vested with unrestricted power in Rule 41(d)(1) rulings. This Court cannot so agree. Reasonable parameters exist regarding the satisfaction of Rule 41(d)(1). Given the totality of the facts in this case, this Court concludes that Moore's letters reside well beyond any reasonable boundary. The circuit court abused its reasonable discretion in finding the letters satisfied the requirements of the Mississippi Rules of Civil Procedure and specifically met the conditions enumerated in Rule 41(d)(1).

## CONCLUSION

¶17. Accordingly, this Court reverses the order of the Circuit Court of Amite County, Mississippi, and grants ICRR's Motion to Dismiss pursuant to Mississippi Rule of Civil Procedure 41(d). The case is dismissed without prejudice.

¶18. **REVERSED AND RENDERED.**

**SMITH, C.J., CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER AND DIAZ, P.JJ., AND GRAVES, J.**

**EASLEY, JUSTICE, DISSENTING:**

¶19. I respectfully dissent with the majority's opinion today. The trial court conducted a hearing on Illinois Central Railroad's motion to dismiss. Based on the evidence and

12

arguments before the trial court, ICRR's motion to dismiss was denied. As the trial court did not abuse its discretion in this matter and trial courts have control over their own dockets, I would affirm the denial of the motion to dismiss.

**I.**

¶20. The trial court conducted a hearing on the motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41. At the close of the hearing, the trial court stated:

> I don't need anymore time. The Court is not going to dismiss the lawsuit. The Court is going to enter a scheduling order today.
>
> This is a case that has clearly been worked on. I think the remedy of dismissal would be so unfair to the plaintiff. From a standpoint that the – the person the plaintiff, not the – to dismiss a case that has been – seems like there has been discovery done, it has been answered. All of a sudden you're just going to dismiss it. There has been all of these years in between, nobody has filed a Motion to Dismiss under Rule 41.
>
> Ms. Leggett [, ICRR defense counsel,] I understand why you say that you all hadn't been copied on that, but you knew that this case was out there. You had answered discovery – somebody had answered discovery on it, and nothing has been brought to the Court until this particular time.
>
> The Court is going to enter a scheduling order and going to expedite this case and put it on the trial docket. If you all would like to look at the Court's next term which I think is – the next term in Amite County for the Court is August. I don't think we're going to have time to get ready for an August trial setting. If you all think you will, I'll give you all an August date, otherwise we'll move to . . . .

Based on the oral arguments presented and the motions filed by counsel, the trial court determined that the case should not be dismissed. The trial court reasoned that the parties had performed some discovery, that ICRR was aware of the case and had waited a number of years before filing a motion to dismiss, and that dismissal would be unfair to the plaintiff. The trial court immediately set a scheduling order for the case and expedited it by placing

13

it on the trial docket. Thereafter, the trial court issued its written order denying the motion to dismiss.

## II.

¶21.  This Court has held that the standard of review for dismissal for want of prosecution is abuse of discretion.  ***Cucos, Inc. v. McDaniel***, 938 So. 2d 238, 240 (Miss. 2006).  In ***Cucos***, this Court held that:

> Any court of law or equity may exercise the power to dismiss for want of prosecution.  This power, inherent to the courts, is necessary as a means to "the orderly expedition of justice" and "the court's control of its own docket [.”] ***Walker v. Parnell***, 566 So. 2d 1213, 1216 (Miss. 1990) (quoting ***Watson v. Lillard***, 493 So. 2d 1277, 1278 (Miss. 1986)).  It has been clear since the adoption of the Mississippi Rules of Civil Procedure that the granting of motions to dismiss is a matter within the discretion of the trial court.  ***Roebuck v. City of Aberdeen***, 671 So. 2d 49, 50 (Miss. 1996) (citing ***Carter v. Clegg***, 557 So. 2d 1187, 1190 (Miss. 1990)).

***Id***.  In ***Watson***, this Court held:

> [I]n a case like the present one, where the trial judge did not make specific findings of fact with regard to controverted issues, this Court will assume that the trial judge made all findings of fact that were necessary to support his verdict.  ***Rives v. Peterson***, 493 So. 2d 316 ([Miss.] 1986),[(] not yet reported); ***Cotton v. McConnell***, 435 So. 2d 683, 685 (Miss. 1983); ***Culbreath v. Johnson***, 427 So. 2d 705, 707-708 (Miss. 1983).

***Watson***, 493 So. 2d at 1279; *see also* ***In re Estate of Law v. Law***, 869 So. 2d 1027, 1029 (Miss. 2004).

¶22.  Rule 41(d) provides:

> In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken

14

or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.

¶23. ICRR argues that "no action of record" was taken in the case. In *Cucos*, this Court acknowledged that there was no Mississippi case that defined "action of record." *Cucos*, 938 So. 2d at 241. Yet this Court declined to define the term in *Cucos*. *Id*. Instead, this Court held that it would construe Rule 41(d) "liberally." *Id*. at 242. This Court further held that "[w]ithout an explicit definition or standard, what suffices as an action of record is left to the reasonable discretion of the trial court." *Id*. "Dismissal for want of prosecution is not a punitive concept . . . it is a means of docket regulation." *Id*. at 243. Like Moore, the plaintiff in *Cucos* timely sent a letter to the clerk within thirty days, requesting that the case remain on the docket. *Id*. at 244. The Court in *Cucos* found that this letter was an action of record that would preclude a Rule 41(d) dismissal. *Id*. at 245. Here, Moore's letters, like that in *Cucos*, also were actions of record.

¶24. In *Cucos*, this Court also set forth a three-step process to assist in determining whether an action constitutes an "action of record." *Cucos*, 938 So. 2d at 244. However, the Court did not set a bright-line test, but held that "[w]hile these facts need not be found by every trial court to constitute an action of record, they are sufficient for a court which within its discretion chooses to deem them as such." *Id*. The Court held:

> A letter in response to a Rule 41(d) motion for dismissal that simply requests that a case remain on the docket **is an action of record** when the letter is (1) timely sent within the thirty-day period which begins upon the filing of the motion, (2) found to be a sufficient action on the record and that finding is not in contradiction to an existing statute or decision of this Court, and (3) considered as part of a hearing where the trial court determined good cause existed for allowing the case to remain on its docket. While these facts need

15

not be found by every trial court to constitute an action of record, they are sufficient for a court which within its discretion chooses to deem them as such.

*Cucos*, 938 So. 2d at 244 (emphasis added). Ultimately, this Court held that the letter was an action of record sufficient to preclude a Rule 41(d) dismissal, and additionally, the letter and the trial court findings were sufficient to show good cause under Rule 41(d). *Id*. at 245.

¶25. Here, like *Cucos*, the trial court did not err by denying the motion to dismiss. Moore timely responded via letter to the clerk. The letters were sent within thirty days of the clerk's notice and requested that the case remain on the docket. Further, the trial court heard oral argument on the motion to dismiss. After listening to oral argument and reviewing the motion to dismiss and the response to the motion to dismiss, the trial court denied ICRR's motion. While the order did not elaborate on the reasoning for the denial, the hearing transcript indicated that the trial court had determined that a dismissal would be unfair, as the parties had performed some discovery and ICRR was aware of the case and had waited a number of years before filing a motion to dismiss. Thereafter, the trial court immediately set a scheduling order for the case and expedited the case by placing it on the trial docket.

¶26. This Court disturbs a trial court's findings on appeal only when there is manifest error. *Cucos*, 938 So. 2d at 244. Further, this Court has held that the purpose of Rule 41(d) is as "a means necessary to the orderly expedition of justice and the court's control of its own docket." *Id*. at 243 (quoting *Watson*, 493 So. 2d at 1278). The trial court considered all of the motions and responses filed and the arguments of counsel. In addition, Moore sent letters requesting that the case remain on the docket. The trial court determined that there was just cause to keep the case on the docket and showed it wanted the case to continue expeditiously

16

by setting a scheduling order followed by a trial date. Accordingly, the letters, coupled with the trial court's decision to keep the case on the docket and set a scheduling order and trial date, were sufficient to show that there was an action of record and that good cause existed for denying the Rule 41(d) motion to dismiss.

### III.

¶27. ICRR argues that Moore delayed and was dilatory in prosecuting her case before the trial court. ICRR claims that the trial court was manifestly wrong in denying its motion for dismissal pursuant to Mississippi Rule of Civil Procedure 41(b).

¶28. Moore argues that ICRR never objected to the case remaining on the docket and did not file a motion to dismiss until March 2006. In addition, Moore argues that discovery was answered, and the deposition of the coroner was taken in the case.

¶29. Moore further contends that the record in this case does not reflect the whole history of the case. She maintains that a number of documents attached to her brief as addenda demonstrate that ICRR cooperated with her and also requested certain delays in the case. This Court has held that it "may take notice only of matters contained in the record." *Watson*, 493 So. 2d at 1279. Therefore, this Court may not consider the addenda to the briefs.

¶30. This Court has held that the standard of review for Rule 41(b) actions is abuse of discretion. In *Dinet v. Gavagnie*, 948 So. 2d 1281, 1283 (Miss. 2007), this Court set forth the standard of review for Mississippi Rule of Civil Procedure 41(b) as follows:

> When reviewing a trial court's decision to dismiss under Miss. R. Civ. P. Rule 41(b), the Court may reverse only if it finds the trial court was manifestly wrong. *Walters v. Patterson*, 531 So. 2d 581, 583 (Miss. 1988). The standard

17

for reviewing a trial court's decision of involuntary dismissal under Rule 41(b) is abuse of discretion. *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990).

*Dinet*, 948 So. 2d at 1283. "[I]n reviewing a trial court's decision to dismiss under 41(b), this Court may reverse only if it finds that the trial court abused its discretion." *Wallace v. Jones*, 572 So. 2d 371, 375 (Miss. 1990). *See also Watson*, 493 So. 2d at 1279 ("this Court will not disturb a trial judge's finding on appeal unless it is manifestly wrong"); *Hine v. Anchor Lake Prop. Owners Ass'n*, 911 So. 2d 1001, 1003 (Miss. Ct. App. 2005) ("The standard of review for a Rule 41(b) dismissal is abuse of discretion."); *Vosbein v. Bellias*, 866 So. 2d 489, 492 (Miss. Ct. App. 2004).

¶31. In addition, in *Watson*, this Court held that "[t]he law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly." *Watson*, 493 So. 2d at 1278; *Dinet*, 948 So. 2d at 1285 (dismissals with prejudice are reserved for extreme cases).

¶32. Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any other dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

18

¶33. As stated in subsection II, above, the trial judge made no specific findings in her order. Nonetheless, "this Court will assume that the trial judge made all findings of fact that were necessary to support [her] verdict," even though the trial judge made no specific findings of fact as to the issues. *Watson*, 493 So. 2d at 1279. Here, the hearing transcript also indicates that the trial court heard oral argument and found that dismissal was not warranted in the case. Therefore, this Court assumes that the trial judge made specific findings of fact to support the denial of the Rule 41 motion to dismiss. *Id*. Without reiterating the facts of the case and the hearing transcript, this Court gives deference to trial court decisions, and the trial court did not abuse its discretion by denying the motion to dismiss pursuant to Rule 41(b).

## IV.

¶34. For the foregoing reasons, the Circuit Court of Amite County did not err by denying ICRR's motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41(d) and (b). Accordingly, I dissent to the majority's ruling today, and I would affirm the Circuit Court of Amite County.

**WALLER AND DIAZ, P.JJ., AND GRAVES, J., JOIN THIS OPINION.**