**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2025-IA-00012-SCT**

*FIRST SECURITY BANK*

*v.*

*DASIE MAE RICHMOND, ADMINISTRATRIX OF
THE ESTATE OF ROBERT B. CRAWFORD, JR.,
DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2024 |
| TRIAL JUDGE: | HON. WATOSA MARSHALL SANDERS |
| TRIAL COURT ATTORNEYS: | ROBERT RYAN REVERE |
| | JASON EDWARD CAMPBELL |
| | ROBERT F. STACY, JR. |
| | LAUREN ELIZABETH WARD |
| | STACEY WOODRUFF GOLMON |
| | BRADLEY TRUETT GOLMON |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT RYAN REVERE |
| ATTORNEY FOR APPELLEE: | NONE |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 04/23/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND BRANNING, JJ.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1. On August 31, 2021, Dasie Mae Richmond filed a lawsuit on behalf of her stepfather's estate against First Security Bank (FSB), Carol Smith, and Lindsay Roy King in the Quitman County Chancery Court. Three years later, Lindsay filed a motion to dismiss for failure to prosecute under Mississippi Rule of Civil Procedure 41(b), and Carol and FSB joined her motion. The trial court granted a Rule 41(b) dismissal to Lindsay only. On appeal,

FSB argues that it is "logically impossible" for the trial court to grant a Rule 41(b) dismissal in favor of Lindsay but to deny FSB the same relief. Finding that the trial court abused its discretion as to FSB, we reverse and render in favor of FSB.

## FACTS AND PROCEDURAL HISTORY

¶2. On August 30, 2018, Robert Crawford was admitted to Baptist Memorial Hospital-DeSoto, unresponsive and suffering from respiratory distress and severe malnutrition. Robert's medical records from this time period indicated that he was admitted "in full arrest[,] intubated on the scene[,]" and heavily sedated.

¶3. The next day, on August 31, 2018, Robert's daughter Carol obtained a general power of attorney (POA), which was allegedly signed by Robert and notarized by Lindsay that same day. Between August 31 and September 13, 2018, Carol attempted to use the POA at Baptist Memorial Hospital and at least two banks where Robert had accounts, including FSB. Baptist and one of the banks refused to recognize the POA as valid. On September 5, however, Carol used the POA at FSB twice to withdraw funds from Robert's account—the first time for $47,000 and the second time for $76,390.11. Several years before, Robert had provided a letter to FSB that instructed the bank not to allow withdrawals at any time unless he appeared and requested them personally. Robert died intestate on September 13, 2018. The chancery court appointed Dasie as the administratrix of Robert's estate on October 3, 2018.

¶4. On August 31, 2021, Dasie filed suit on behalf of Robert's estate against FSB, Carol, and Lindsay, alleging, among other things, improperly procuring the POA, conversion,

2

conspiracy, negligence in "false and improper notary," breach of contract, and negligence. The parties engaged in discovery from October 2021 to February 2022, at which time Carol filed a motion to stay proceedings due to her January 24, 2022 indictment on the charge of exploitation of a vulnerable person. Then, on March 3, 2023, Carol pled guilty to exploitation of a vulnerable person. But the circuit court withheld acceptance of the plea and adjudication of guilt pending Carol's completion of several court-imposed conditions, including payment of restitution to Robert's estate in the amount of $85,000, which was due on or before March 3, 2026.

¶5. On April 21, 2023, Lindsay filed a motion for summary judgment, which the trial court denied as to all parties. On May 5, 2023, Dasie filed a response to Lindsay's motion for summary judgment. Then, on September 24, 2024, Lindsay filed a Rule 41(b) motion to dismiss for Dasie's failure to prosecute, which FSB and Carol joined. The trial court granted the joint motion to dismiss as to all claims against Lindsay but denied the motion as to the claims against Carol and FSB. This Court granted FSB's petition for interlocutory appeal, and Dasie failed to file a brief. Carol is not a party to the instant appeal.

### STANDARD OF REVIEW

¶6. This Court reviews a trial court's decision to grant or deny a Rule 41(b) motion to dismiss for abuse of discretion. *Regan v. S. Cent. Reg'l Med. Ctr.*, 234 So. 3d 1242, 1245 (Miss. 2017) (quoting *Hanson v. Disotell*, 106 So. 3d 345, 347-48 (Miss. 2013)). "Abuse of discretion is found when the reviewing court has a 'definite and firm conviction' that the court below committed a clear error of judgment and the conclusion it reached upon a

3

weighing of the relevant factors." ***Wayne Cnty. Sch. Dist. v. Quitman Sch. Dist.***, 346 So. 3d 853, 857 (Miss. 2022) (internal quotation marks omitted) (quoting ***McCord v. Healthcare Recoveries, Inc.***, 960 So. 2d 399, 405 (Miss. 2007)).

## DISCUSSION

¶7.    Because FSB is the sole challenger of the trial court's decision, the propriety of the trial court's decisions regarding Lindsay and Carol is not before this Court. *See **Burt v. Roberts***, 212 Miss. 576, 55 So. 2d 164, 165 (1951) (declining to address the propriety of a judgment against a codefendant who was not before the Court on direct appeal).   As such, we will only review whether the trial court abused its discretion by denying the Rule 41(b) motion to dismiss as to FSB.

¶8.    Futhermore, with regard to Dasie's failure to file a brief in the instant appeal:

> This Court has adopted two alternative approaches for reviewing a case in which the appellee has neglected to file a brief. First, the Court may "accept appellant's brief as confessed and . . . reverse." ***May v. May***, 297 So. 2d 912, 913 (Miss. 1974). That is the appropriate course of action when the record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out "an apparent case of error." ***Miller v. Pannell***, 815 So. 2d 1117, 1119 (Miss. 2002) (internal quotation mark omitted) (quoting ***May***, 297 So. 2d at 913). "The second alternative is to disregard the appellees' error and affirm." ***Id***. "This alternative should be used when the record can be conveniently examined and such examination reveals a 'sound and unmistakable basis or ground upon which the judgment may be safely affirmed.'" ***Id***. (quoting ***May***, 297 So. 2d at 913).

***Stratton v. McKey***, 298 So. 3d 999, 1003 (Miss. 2020) (alteration in original).  We find that FSB has provided a thorough brief with "apt and applicable citation of authority" that "makes out an apparent case of error" as more fully explained below.

¶9.    This Court has recognized that "[t]he power to dismiss an action for want of

4

prosecution is part of a trial court's inherent authority." ***Am. Tel. & Tel. Co. v. Days Inn of Winona***, 720 So. 2d 178, 180 (Miss. 1998) (alteration in original) (internal quotation marks omitted) (quoting ***Wallace v. Jones***, 572 So. 2d 371, 375 (Miss. 1990)). This power allows the trial court to effectively control its own docket and to ensure orderly expedition of justice in each of its cases. ***Id.*** (quoting ***Watson v. Lillard***, 493 So. 2d 1277, 1278 (Miss. 1986)).

¶10. Mississippi Rule of Civil Procedure 41(b) permits defendants to move for dismissal of any action "[f]or failure of the plaintiff to prosecute[.]" This Court has interpreted the rule to include the following considerations:

> [T]his Court may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by this Court that lesser sanctions would not serve the interests of justice. Additional "aggravating factors" or actual prejudice may bolster the case for dismissal, but are not requirements.

***Holder v. Orange Grove Med. Specialties, P.A.***, 54 So. 3d 192, 197 (Miss. 2010).

¶11. "What constitutes failure to prosecute depends on the facts of the particular case." ***Wallace***, 572 So. 2d at 376. While this Court has held that "[t]he law favors trial of issues on the merits," ***Watson*** 493 So. 2d at 1279 (citing ***Hobson v. Wilson***, 737 F.2d 1 (D.C. Cir. 1984), *overruled in part on other grounds by* ***Leatherman v. Tarrant Cnty. Narcotics Int. & Coordination Unit***, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)), this Court has also held that "a fine balance must be struck between the interests of having a case heard on the merits and the interests of judicial economy[.]" ***Cox v. Cox***, 976 So. 2d 869, 880 (Miss. 2008).

¶12. Dasie filed her original complaint against all three defendants on August 30, 2021, and then amended her complaint on September 24, 2021. From that point, the parties

engaged in discovery. On April 12, 2022, Dasie filed a certificate of service of a sentencing judgment. Her next action, on May 5, 2023, was her response to Lindsay's motion for summary judgment. The trial court denied summary judgment in its September 19, 2023 order. The record contains no action by Dasie from May 2023 through September 2024. Then, on September 24, 2024, Lindsay filed her motion to dismiss under Rule 41(b). Carol and FSB later joined the motion. The trial court found that Dasie's delay in prosecution warranted a Rule 41(b) dismissal but only granted that dismissal to one of the three movants in the joint motion.

¶13.    On appeal, FSB contends that because the motion to dismiss was based on identical facts and legal arguments as to all three defendants, the trial court should have granted dismissal for FSB also. More specifically, the motion to dismiss cited Dasie's failure to prosecute as including a thirteen-month delay from April 2022 to May 2023, as well as her failure to act from May 2023 until September 2024. All of these facts applied equally to all defendants, not just to Lindsay.

¶14.    During the hearing on the motion to dismiss, the chancellor stated:

> Having looked at the case, as well as the arguments and the evidence in this case, this court is of the opinion that the Motion to Dismiss for Failure to Prosecute will be granted as to Lindsay Roy King only.
>
> The reason being is that Carol, I believe, Smith has been ordered to make restitution. She's currently making restitution. The Court does not feel that a dismissal is warranted in that case.
>
> With regard to the bank, there are still some issues which have not been resolved, and I am reluctant to dismiss the case with regard to FSB at this juncture.

¶15.    Then, in its judgment of dismissal, the chancery court stated that "this Court finds that

6

Plaintiff failed to prosecute her case pursuant to M.R.C.P. 41(b) and finds that dismissal is proper" and dismissed the claims "as to [Lindsay] King alone." But the chancery court further held that "Smith's and FSB's request for dismissal of Plaintiff's claims against them pursuant to M.R.C.P. 41(b) is DENIED." The trial court did not provide a basis for the disparate treatment of the merits of the joint motion among the defendants, only noting Lindsay's requirement to make restitution in the pending circuit court matter and "issues which have not been resolved" regarding FSB. The record lacks explanation on specific "issues which have not been resolved" as to FSB or how any such issues contributed to Dasie's delay in prosecuting the case. We find that the facts supporting the trial court's grant of the Rule 41(b) dismissal in favor of Lindsay applied equally to FSB.

¶16.    In light of Dasie's failure to file a brief in this matter, we do not find a "sound and unmistakable basis or ground upon which the judgment may be safely affirmed" as to FSB. *Miller*, 815 So. 2d at 1119 (internal quotation marks omitted) (quoting *May*, 297 So. 2d at 913). Therefore, weighing all of the relevant factors, we conclude that the trial court abused it discretion by denying the Rule 41(b) motion to dismiss as to FSB.

## CONCLUSION

¶17.    We reverse the trial court's denial of the Rule 41(b) motion to dismiss as to FSB and render a judgment of dismissal in favor of FSB.

¶18.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR.**

7