# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-IA-02022-SCT

*JACKSON PUBLIC SCHOOL DISTRICT,*
*MARILYN MINTER, MICHELLE KING, AND THE*
*CITY OF JACKSON*

*v.*

*LATISHA HEAD, A MINOR, BY AND THROUGH*
*SHIRLEY RUSSELL, HER MOTHER AND NEXT*
*FRIEND; ASHLEY MCCOY, A MINOR, BY AND*
*THROUGH SHIRLEY MCCOY, HER MOTHER*
*AND NEXT FRIEND; AND SHIRLEY RUSSELL,*
*INDIVIDUALLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/08/2009 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BETTY A. MALLETT |
| | JOANNE NELSON SHEPHERD |
| | PIETER JOHN TEEUWISSEN |
| | CLAIRE BARKER HAWKINS |
| ATTORNEYS FOR APPELLEES: | LYDIA ROBERTA BLACKMON |
| | DEBORAH MCDONALD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/11/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., CHANDLER AND KING, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    Latisha Head and Ashley McCoy, through each of their mothers, Shirley Russell and

Shirley McCoy (collectively, "Head"), filed a complaint on December 13, 2004, against the

Jackson Public School District (JPS), the City of Jackson (the City), the Jackson Police Department (JPD), Clayton Johnson, Marilyn Minter, and Michelle King (collectively, "JPS"). The complaint alleged assault and battery against Johnson and several negligence claims against each of the defendants, stemming from an incident at Watkins Elementary School on May 16, 2003, between Head and Johnson. The complaint was then amended twice. The last action of record by Head was Head's response to requests for admission filed on August 15, 2005. JPS filed a motion to dismiss for failure to prosecute on December 10, 2008. The circuit court denied the motion to dismiss. From this denial, JPS appealed to this Court, and we granted interlocutory appeal.

## FACTS

¶2. The facts of this case were never fully developed and are disputed. On May 16, 2003, LaTisha Head, a twelve-year-old fourth-grade student, was watching a video in her classroom at Watkins Elementary School. Clayton Johnson, an off-duty Jackson police officer, entered Head's classroom, and according to Head and her friend Ashley McCoy, Johnson instructed the two girls to get out of their seats and follow him into the hallway. Marilyn Minter, the teacher of the two girls, was in the classroom when this occurred.

¶3. According to Head and McCoy, Johnson threatened to take the two girls to a detention center for laughing and being disruptive. When the girls did not stop laughing, Johnson ordered the two girls into the hallway. Head and McCoy contend that Johnson then threw Head against the wall, pinned her to the floor, and grabbed her by her jacket to pull her off the floor. Johnson alleges that Head first "jumped on him," and he took the two girls into the

2

hallway only to correct their disruptive behavior. McCoy was a bystander to this hallway encounter.

¶4. Johnson then allegedly escorted Head and McCoy to the office of the principal, Michelle King. The secretary questioned why Head was crying, but Head did not respond. After briefly leaving Head and McCoy in King's office, Johnson then allegedly escorted Head and McCoy to the school auditorium. In the auditorium, Head and McCoy contend that another Jackson police officer threatened to take them to a detention center. When this officer left, Head and McCoy contend Johnson made both girls write their names, addresses, and telephone numbers on a sheet of paper. Head and McCoy contend that Johnson then said, "This never happened. Now give me a hug." Johnson then escorted Head and McCoy back to their classroom.

¶5. Head filed a complaint on December 13, 2004. Head later amended the complaint, and on August 15, 2005, filed a response to requests for admission. On December 10, 2008, three years and almost eight months later, JPS, joined by Minter and King, filed a motion to dismiss for failure to prosecute. Barring the response to requests for admission, Head has no recorded activity since amending the complaint. On June 2, 2006, JPS filed its first set of interrogatories and requests for production of documents. Notice of service was filed June 5, 2006, and after this date, JPS has no recorded action of record.

¶6. On February 25, 2009, in response to JPS's motion to dismiss for failure to prosecute, Head filed a response claiming personal difficulties and a heavy workload. On June 10, 2009, Head's counsel wrote a letter to JPS claiming she was unavailable "the first three weeks of June, the last three weeks of July, and the first two weeks of August," for a hearing

3

on JPS's motion to dismiss. In a letter dated July 21, 2009, JPS notified Head that the hearing on the motion to dismiss for failure to prosecute was set for October 20, 2009, and asked for a prompt response from Head. Head responded on October 8, 2009, with a letter stating a continuance would be filed, under the mistaken impression the hearing was scheduled for October 2, 2009. On October 9, 2009, Head filed a motion to continue or reschedule the hearing on the motion to dismiss. This motion was granted.

¶7. On November 24, 2009, Head filed a motion to compel discovery. In Head's supplemental response objecting to JPS's motion to dismiss, Head asserts the discovery requests sent by JPS in 2006 were lost, and JPS would not deliver documents unless ordered by the court.

¶8. On December 9, 2009, the circuit court denied JPS's motion to dismiss for failure to prosecute and ordered Head to pay for the reproduction of the lost discovery documents. On February 10, 2010, JPS's interlocutory appeal to the Supreme Court was granted. Depositions of the parties were scheduled to take place on February 23, 2010, but, due to the interlocutory appeal, Head filed a motion to stay the proceedings the day before the depositions were to occur. The motion to stay the proceedings was granted on February 23, 2010, and proceedings will be stayed until this Court rules on the interlocutory appeal.

¶9. As of February 2010, Ashley and Shirley McCoy were living in St. Louis, Missouri. Dr. Wood Hiatt, the psychiatrist who met with Ashley McCoy and Latisha Head shortly after the incident, died on March 25, 2010.

**STANDARD OF REVIEW**

4

¶10.    "When examining a trial court's dismissal of a case for want of prosecution, this Court will affirm the trial court's findings of fact, unless the findings are manifestly wrong." *Barry v. Reeves*, 47 So. 3d 689, 693 (Miss. 2010) (citing *Watson v. Lillard*, 493 So. 2d 1277, 1279 (Miss. 1986)).  A trial court's ruling on a dismissal for failure to prosecute will be reviewed for abuse of discretion.  *Hill v. Ramsey*, 3 So. 3d 120, 122 (Miss. 2009).

¶11.    A trial court may dismiss for want of prosecution to control its docket and expedite justice. *Id*.  Dismissal for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41(b) is "reserved for the most egregious cases," due to the "extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim." *Hillman v. Weatherly*, 14 So. 3d 721, 726 (Miss. 2009) (quoting *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990)). Dismissals for want of prosecution typically are affirmed only when there is a clear record of delay or contumacious conduct enhanced by at least one aggravating factor, and lesser sanctions would be ineffective. *Am. Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 181 (Miss. 1998) (citing *Rogers v. Kroger Co.*, 669 F. 2d 317, 320 (5th Cir. 1982)).

## DISCUSSION

**Whether the Trial Court Abused its Discretion in Denying Jackson Public School District's Motion to Dismiss Pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure**.

> *A.    Whether the Trial Court Properly Weighed Relevant Factors in Determining if the Rule 41(b) Motion Should be Denied.*

¶12.    This Court has set forth factors to be weighed in determining whether a Rule 41(b) ruling should be affirmed: (1) whether there was a clear record of delay or contumacious conduct by the plaintiff; (2) whether lesser sanctions may have better served the interests of

5

justice; and (3) the existence of other aggravating factors. ***Cox v. Cox***, 976 So. 2d 869, 874 (Miss. 2008) (citing ***Am. Tel. & Tel. Co.***, 720 So. 2d at 181) (citing ***Rogers***, 669 F.2d at 320).

¶13. This Court will consider the facts of each particular case when determining whether a dismissal for failure to prosecute is warranted. ***Am. Tel. & Tel. Co.***, 720 So. 2d at 181. Judge Green considered the record of delay and level of actual prejudice to JPS. Ultimately, she ordered Head to pay the cost of discovery reproduction. "The law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly." ***Am. Tel. & Tel. Co.***, 720 So. 2d at 180 (citing ***Watson***, 493 So. 2d at 1278). Judge Green did not abuse her discretion in denying the defendant's motion to dismiss.

       *B.*       *Whether There is a Clear Record of Delay.*

¶14. There has been a clear record of delay; however, as Judge Green notes, the delay is excusable. Head filed a complaint on December 13, 2004, and amended this complaint on March 31, 2005, and April 12, 2005. On August 15, 2005, Head filed responses to JPS's requests for admission. After this date, the record is largely silent as to any action in pursuit of this claim.

¶15. However, in its response to the motion to dismiss filed by JPS, Head explains the delay, stating illness and personal problems of counsel. In ***Watson***, this Court stated it was "loath to presume that any Mississippi trial judge would allow a serious action to be lost because of delays attributable solely to plaintiff's illness or infirmity." ***Watson***, 493 So. 2d at 1279-80. Also, as stated by this Court in ***Barry***, "the mere fact that delay occurs in the prosecution of a case is not sufficient to warrant dismissal for want of prosecution. It must be clear from the record that the delay was the result of the plaintiff's failure to prosecute the

6

claim, rather than extrinsic factors beyond the control of the plaintiff." ***Barry***, 47 So. 3d at 694; *see* M.R.C.P. 41(b).

¶16.    JPS argues that Head was dilatory in being unavailable for several months when JPS was seeking to hold a hearing on its motion to dismiss. In actuality, JPS and counsel for Head could not agree on a hearing date, and JPS ultimately set the hearing date. Head's counsel did not purposely schedule a conflict on the date of a hearing; a conflict already existed when counsel was informed of the hearing date.

   C.    *Whether Lesser Sanctions Than Dismissal Will Serve the Interests of Justice.*

¶17.    This Court will impose lesser sanctions if they will better serve the interests of justice. ***Am. Tel. & Tel. Co.***, 720 So. 2d at 181. "Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" ***Cox***, 976 So. 2d at 876 (citing ***Am. Tel. & Tel. Co.***, 720 So. 2d at 181-82) (quoting ***Wallace***, 572 So. 2d at 377).

¶18.    Judge Green considered lesser sanctions and ultimately determined Head should pay the cost incurred by JPS in reproducing its discovery documents. But, Judge Green found no other appropriate sanction. JPS was well aware that Head had lost the original discovery documents, but when Head asked for JPS to reproduce the documents, JPS refused. JPS states that this Court has dismissed a case for a span of inactivity from August 2005 to March 2007. ***Hill***, 3 So. 3d 120. However, in ***Hill***, the case was dismissed *without* prejudice. ***Hill***, 3 So. 3d at 123. Here, JPS is seeking a Rule 41(b) dismissal *with* prejudice. This Court, in ***Hill***, indicated it might not have affirmed a dismissal *with* prejudice. ***Id.***; *see* M.R.C.P. 41(b).

7

¶19.     JPS also cites *Hillman v. Weatherly* for the proposition that delay alone is sufficient to warrant dismissal. *Hillman*, 14 So. 3d at 721. However, in *Hillman*, the trial court considered lesser sanctions and found the sanctions would not be sufficient to cure prejudice to the defendant. *Hillman*, 14 So. 3d at 728. And, in *Hillman*, the plaintiff's conduct was found to be intentional and egregious. *Id.* The plaintiff failed to respond to *two* motions to dismiss, and this Court held that the plaintiff had *obstructed* discovery. *Id.* Here, no actual prejudice has been shown; there is only speculation of memory loss and inconvenience in locating witnesses. The conduct of the plaintiffs has not been shown to be intentional.

¶20.     JPS cites *Illinois Central Railroad Company v. Moore* for the proposition that this Court will, on *rare* occasion, reverse the decision of the trial judge for abusing its discretion in denying a motion to dismiss. *Ill. Cent. R. R. Co. v. Moore*, 994 So. 2d 723 (Miss. 2008). In *Moore*, Illinois Central filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41(d), seeking a dismissal *without* prejudice, because the plaintiff had failed to take any action of record for more than seven years. *Id.* at 729. And, in *Moore*, the clerk had sent out four separate motions to dismiss for want of prosecution *before* the motion to dismiss was filed. *Moore*, 994 So. 2d at 725. Here, the clerk has made no such motion, and the record of inactivity is only half of the span referenced in *Moore*. Judge Green considered lesser sanctions and determined the imposition of costs for reproduction of discovery were fair, but no lesser sanctions would be appropriate. This Court agrees.

>    D.     *Whether Aggravating Factors are Present, Resulting in Prejudice to JPS, Minter, and King.*

¶21. The aggravating factors to be considered include: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." *Hillman*, 14 So. 3d at 728 (citing *Am. Tel. & Tel. Co.*, 720 So. 2d at 181) (quoting *Rogers*, 669 F. 2d at 320).

### 1) Plaintiff's personal responsibility for the delay

¶22. Although JPS suggests Head personally was responsible for the delay, there is nothing in the record to show this. Counsel for Head admitted the delay was attributable to medical problems and personal problems within counsel's office. Judge Green considered the delay, and because it could be attributed to counsel, and *not* Head, she found excusable delay.

### 2) The degree of actual prejudice to the defendant

¶23. JPS argues the case should be dismissed, because memories have faded and witnesses may not be available. However, there is no specific proof that memories have faded. JPS also contends that a few faculty members of the elementary school have retired or left the school district, but fails to show how these facts prejudice JPS. Next, JPS contends that Dr. Hiatt Wood, a potential expert for Head, has died. However, Hiatt only recently passed away, and JPS had ample time to depose him, but never attempted to do so. Although JPS relies on the possibility of faded memories to show actual prejudice, the record is devoid of any finding that JPS has contacted a witness and actually found a faded memory. Although prejudice can be presumed for unreasonable delay, the preference for a decision on the merits "must be weighed against any presumed prejudice to the defendant and the court may decide to excuse plaintiff's lack of diligence in the absence of any actual prejudice to the defendant." *Cox*, 976

9

So. 2d at 879 (citing ***Rogers***, 669 F.2d at 322 n.7) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2370, at 216-17 (1971)).

      *3)     Whether the delay was the result of intentional conduct.*

¶24.   The record lacks any proof the delay was intentional. On the contrary, Head's counsel submits illness and personal problems as reasons for the delay.

**CONCLUSION**

¶25.   Because there is no record of inexcusable delay, and JPS has suffered no actual prejudice, and because costs will be paid for reproduction of discovery documents, the case need not be dismissed to better serve the interests of justice. For these reasons, the ruling of the Hind's County Circuit Court is affirmed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

¶26.   **AFFIRMED AND REMANDED.**

     **WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, PIERCE AND KING, JJ., CONCUR. LAMAR, J., NOT PARTICIPATING.**