ON WRIT OF CERTIORARI.

DICKINSON, Presiding Justice,
for the Court:
¶ 1. After the trial judge granted the defendants summary judgment, this Court reversed and remanded for trial. More than four years later, the trial judge— finding the plaintiff had failed to prosecute his claim — entered a final judgment as to all defendants. Because we are unable to say the trial judge abused his discretion, we affirm.
BACKGROUND FACTS AND PROCEEDINGS
¶2. After OPM-USA leased property from Herbert C. Hanson to construct a cellular tower, Harrison County Building Code Administrator Ben Clark — finding the proposed tower did not meet safety regulations because its height was larger than the property’s borders — denied OPM-USA a construction-site permit. OPM-USA then entered into a contract with Hanson’s neighbor, West Harrison Farms, LLC, to construct the tower on its property. Hanson sued OPM-USA for breach of contract, and the parties settled.
*347 ¶ 8. Hanson then amended his complaint to include as additional defendants: John Gregory Disotell, West Harrison Farms, J & J Investments, LLC, Clark, and Harrison County (collectively referred to as “Appellees”). Hanson alleged that Clark and Disotell — who acted through J & J Investments and were hired by West Harrison Farms — conspired to interfere with his lease and have his permit rejected.
¶4. After Harrison County filed a motion for summary judgment, the trial court took the motion under advisement and allowed discovery to proceed. From 1999 to 2002, the parties took depositions of all parties and witnesses, including Ben Clark (who died in 2004). Hanson filed a motion for a trial setting but, instead of setting the matter for trial, the trial judge granted the defendants summary judgment. On July 21, 2005, this Court reversed and remanded the case for trial. After the remand, nothing was filed in the record until June 30, 2009, when Harrison County moved to substitute counsel.
¶ 5. On September 1, 2009, Hanson sent a letter to counsel for the defendants with potential trial dates. Harrison County responded that, due to the new board attorney’s having taken over that position in July 2009, Harrison County would need more time to prepare for trial. Hanson then filed a motion to set the case for trial, and Harrison County, Clark, Disotell, and J & J Investments filed a motion to dismiss for lack of prosecution.
¶ 6. Following a hearing, the trial court granted the motion to dismiss, stating that Hanson had failed to prosecute the case or take any action of record from 2005 to 2009. The trial court further found that the imposition of lesser sanctions would not serve the best interests of justice.
¶ 7. Then, West Harrison Farms filed its motion to dismiss, and Hanson filed a motion to reinstate the case for trial. The trial court denied Hanson’s motion and granted a final judgment of dismissal for all the defendants. Aggrieved, Hanson appealed. The Court of Appeals affirmed,[1] and we granted Hanson petition for a writ of certiorari.
ANALYSIS
¶ 8. The trial court dismissed Hanson’s complaint under authority of Rule 41(b), which states in relevant part that, “[f]or failure of the plaintiff to prosecute.., a defendant may move for dismissal of an action or of any claim against him.”[2] Our precedent clearly provides trial judges the “inherent authority to dismiss cases for failure to prosecute as a means of controlling the court’s docket and ensuring [expeditious] justice.”[3]
¶ 9. We do not reverse trial judges who grant Rule 41(b) dismissals unless we find that, in so doing, they abused their discretion.[4] And this Court has held that either delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b), provided that the trial judge finds that a lesser sanction would not serve the best interests of justice.[5] Lesser sanctions *348 may include ‘“fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’ ”[6]
¶ 10. The parties presented the trial judge with arguments and facts that supported their respective positions. The defendants pointed out that eleven years had passed since the filing of the complaint, and — from July 2005, when this Court issued its mandate remanding the ease, until October 2009, when Hanson filed a motion to set the trial — the plaintiff had filed nothing of record. Defendants also pointed out that one of the parties — Ben Clark — had died, and certain witnesses had relocated.
¶ 11. Hanson blamed the delay on “Hurricane Katrina, the retirement and reassignment of judges, changes of counsel representing Defendant, Harrison County, and Defendant, Harrison County’s counsel’s refusal to agree to a trial date.” Hanson also pointed out that, although Ben Clark had indeed passed away during the delay, his deposition was available for trial.
¶ 12. The trial court found that the plaintiffs failure to take any action of record for four years, coupled with the fact that Hanson filed his motion for a trial date only in reaction to the defendants’ motion to substitute counsel, exhibited a “record of dilatoriness and delay.”
¶ 18. We find that a reasonable trial judge very well might have denied the defendants’ motion to dismiss. But as an appellate court applying an abuse of discretion standard, we cannot reverse on that basis.[7] Instead, we must affirm the trial judge unless we find he abused his discretion. And the facts presented here are far more than sufficient to support the trial judge’s decision.
¶ 14. Hanson’s argument, and his reasons for the delay, were considerations for the trial court. Also, this Court entered an order of relief for attorneys and litigants affected by Hurricane Katrina.[8] Hanson never asserted any special circumstances (regarding Hurricane Katrina) entitling him to relief beyond that which we granted in our order.
CONCLUSION
¶ 15. Because we are unable to find that the trial court abused its discretion by dismissing this case when the plaintiff failed to file anything of record for more than four years, we affirm the judgments of the Harrison County Circuit Court and the Court of Appeals.
¶ 16. AFFIRMED.
RANDOLPH, P.J., LAMAR, CHANDLER AND COLEMAN, JJ., CONCUR. KITCHENS, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KING, J. PIERCE, J„ NOT PARTICIPATING.

. Hanson v. Disotell, 106 So.3d 351, 353-55 (Miss.Ct.App.2011).

. Miss. R. Civ. P. 41(b).

. Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986).

. Collins v. Koppers, Inc., 59 So.3d 582, 589 (Miss.2011) (citing Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990)); Cox v. Cox, 976 So.2d 869, 874 (Miss.2008).

. Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192, 198 (Miss.2010) (citations omitted).

. Id. (quoting Wallace, 572 So.2d at 377).

. Holder, 54 So.3d at 196.

.See In re: Emergency Procedures Related to Hurricane Katrina's Disruption of Judicial Processes, NO.2005-AD-00001 (Sept. 6, 2005).