MAXWELL, J.,
specially concurring:
¶ 28. While I am not swayed by all parts of the majority’s analysis, after reviewing our supreme court’s decisions in Holder v. Orange Grove Medical Specialties, P.A.,[4] and Hanson v. Disotell,[5] I do agree that the judgment of dismissal must be affirmed. But much like Justice Pierce, who wrote separately in Holder, I too “have some discomfort with the decision of the trial court,” particularly since the cited delays here are relatively slight and Cornelius’s new counsel was working to move the case forward when it was dismissed. Holder, 54 So.3d at 201 (¶ 38) (Pierce, J., specially concurring).
¶ 29. However, this court’s ultimate agreement or disagreement with the trial judge’s dismissal is not a factor in our deferential review of Rule 41(b) dismissals. Nor does the possibility that another “reasonable trial judge very well might have denied the defendant’s motion to dismiss” provide a basis for reversal. Hanson, 106 So.3d at 348 (¶ 13).[6] Instead, we review for abuse of discretion. Id. And after adhering to this review, I find Holder and the supreme court’s more recent decision in Hanson support the Rule 41(b) dismissal.
¶ 30. I do find it worth noting, however, that Holder marks a shift in how appellate courts must apply the test for deciding whether a trial judge abused his or her discretion in granting a motion to dismiss for failure to prosecute. Before Holder, because of the severity of denying a litigant his or her day in court, appellate courts typically only affirmed dismissals for failure to prosecute in “the most egregious of cases, ... where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors,” such as actual prejudice to the defendant. Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (¶¶ 12-13) (Miss.1998) (citations omitted).
¶ 31. But in Holder, the supreme court relaxed the necessity of finding “[ajdditional ‘aggravating factors’ or actual preju *1040 dice.” Holder, 54 So.3d at 197 (¶ 18). The court emphasized “ ‘[d]elay alone may suffice’ for a dismissal under Rule 41(b).” Holder, 54 So.3d at 198 (¶ 20) (quoting Cox v. Cox, 976 So.2d 869, 875 (¶ 18) (Miss.2008)). It also applied the two remaining requirements — (1) a clear record of delay and (2) a consideration of whether lesser sanctions would better serve the interest of justice — in a manner highly deferential to the trial judge, determining a dismissal based solely on delays in responding to discovery was within the trial judge’s discretion. Id. at 197-98 (¶¶ 18, 20), 200-01 (¶¶ 32-33).
¶ 32. I certainly understand, however, why Cornelius and the dissent cite as support Jackson Public School District v. Head ex rel. Russell — a unanimous supreme court opinion handed down just eight months after Holder that affirmed the denial of a motion to dismiss for failure to prosecute, which did not reference Holder but instead applied the former aggravating-factors test. Jackson Pub. Sch. Dist. v. Head ex rel. Russell, 67 So.3d 761 (Miss.2011). But upon review, I find that rather than signaling a retreat from Holder, it appears Russell was merely a flash in the pan^ — as a majority of the supreme court, in its most recent review of a dismissal for failure to prosecute, Hanson, 106 So.3d at 345, did not even mention Russell’s application of the aggravating-factors test. Instead, the Hanson majority returned to Holder to affirm a trial judge’s Rule 41(b) dismissal. Hanson, 106 So.3d at 347-48 (¶¶ 8-14). And the view from Russell that Cornelius argues here— that the aggravating-factors test should have been applied to prevent the “extreme and harsh sanction” of dismissal with prejudice — was relegated to the Hanson dissent. Id. at 349 (¶ 18) (Kitchens, J., dissenting).
¶ 33. If anything, the Hanson majority appears to have broadened the trial court’s discretion to dismiss with prejudice for failure to prosecute. Gone is the language from Holder that affirming a dismissal requires a “clear record of delay’.’ and a determination by the appellate court that a lesser sanction would not have served the interest of justice. Compare Hanson, 106 So.3d at 347-48 (¶¶ 9-14), with Holder, 54 So.3d at 197-99 (¶¶ 18-25), 200-01 (¶¶ 32-33). Instead, Hanson characterizes Holder as saying “that either delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b), provided that the trial judge finds that a lesser sanction would not serve the best interests of justice.” Hanson, 106 So.3d at 347 (¶ 9) (emphasis added) (citing Holder, 54 So.3d at 198 (¶ 20)). It is also worth mentioning that the Hanson majority deferred to the trial court’s determination that the plaintiff failed to prosecute the case, but did not even deem it necessary to discuss the trial court’s finding that lesser sanctions would not suffice. See id. at 348 (¶¶ 12-13).
¶ 34. But these varying precedents aside, the bottom line in our case-by-case discretionary review of Rule 41(b) dismissals is that it is not for the judges of this court to decide whether we agree or disagree with a trial judge’s determination of whether the circumstances of delay warrant the “extreme and harsh sanction” of dismissal with prejudice. Rather, a consistent thread in Hanson and Holder is that the decision of when a plaintiffs actions or inactions reach this “most egregious of cases” category falls exclusively within the purview of the trial judge. And “we must affirm the trial judge unless we find he abused his discretion.” Hanson, 106 So.3d at 348 (¶ 13). Since here, like Holder, there was evidence of delay in responding to discovery and pursuing the medical-malpractice case, it appears the trial judge *1041 had discretion to dismiss. Thus, I agree with the majority’s holding that the trial judge did not abuse his discretion in dismissing the case.
ROBERTS AND FAIR, JJ., JOIN THIS OPINION.

. Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192 (Miss.2010).

. Hanson v. Disotell, 106 So.3d 345 (Miss.2013).

. See also Holder, 54 So.3d at 201-02 (¶¶ 36-38) (Pierce, J., specially concurring) (separate opinion — -joined at least in part by a majority of the supreme court — emphasizing whether appellate judge is in “agreement or disagreement” with trial judge's decision to dismiss does not factor into "deferential review” of Rule 41(b) dismissals).