IRVING, P.J.,
dissenting:
¶ 35. The majority finds that the circuit court did not abuse its discretion in dismissing with prejudice Cornelius’s medical-malpractice complaint against Dr. Benefield. In my opinion, the record does not support a Rule 41(b) dismissal. Therefore, I dissent. I would reverse the circuit court’s judgment and remand this case for a trial on the merits.
¶ 36. Let me be clear, I am well aware that the plaintiff shoulders the primary responsibility for moving the case forward once the complaint is filed. However, as the majority notes and then disregards, “[tjhere is no set time limit on the prosecution of an action once it has been filed,” and “the law favors a trial- of the issues on the merits[.]” Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192, 196-97 (¶¶ 16-17) (Miss.2010) (citations omitted). Additionally, our supreme court has reiterated that “dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.” Id. at 197 (¶ 17) (quoting Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (¶11) (Miss.1999)). I do not think that the conduct or the delay in this case is sufficient to justify a dismissal with prejudice.
¶ 37. Our supreme court has stated that to affirm on appeal a circuit court’s dismissal pursuant to Rule 41(b), “[i]t must be clear from the record that the delay was the result of the plaintiffs failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff.” Barry v. Reeves, 47 So.3d 689, 694 (¶ 14) (Miss.2010). Furthermore, “[djismissals for want of prosecution typically are affirmed only when there is a clear record of delay or contumacious conduct enhanced by at least one aggravating factor, and lesser sanctions would be ineffective.” Jackson Pub. Sch. Dist. v. Head ex rel. Russell, 67 So.3d 761, 765 (¶ 11) (Miss.2011) (emphasis added) (citing Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (¶ 13) (Miss.1998)).
¶ 38. While it cannot be denied that this case could have progressed through the system faster than it has, there is no indication that the delay was Cornelius’s fault, rather than that of her counsel. For example, counsel, not the plaintiff, is responsible for responding to discovery and scheduling depositions. Based an the record before this Court, it cannot be said that Cornelius’s failure to prosecute the case against Dr. Benefield is not attributable to “extrinsic factors” beyond her control.
¶ 39. Also, there is no evidence of any aggravating factor strengthening Dr. Benefield’s case for dismissal. The majority seemingly recognizes that the delay was not the result of any intentional conduct by Cornelius but cites prejudice to Dr. Benefield to support the dismissal of Cornelius’s complaint. Specifically, the circuit court and the majority point to fading memories surrounding the incident to justify a finding of prejudice. The record is devoid, in my opinion, of any evidence of prejudice to Dr. Benefield. There is no evidence that any identified witness or potential witness in this case would be unable to recall the events surrounding this incident. Interestingly enough, the fact witnesses in this case would be few — Dr. Benefield, his operat *1042 ing-room staff, and Cornelius’s daughter, Barbara Trotter. Surely, Dr. Benefield would remember if he adhered to the applicable standard of care while performing surgery on Cornelius’s eye.
¶40. The majority also mentions the fact that no depositions had been taken prior to Dr. Benefield’s motion to dismiss and assumes that the absence of timely depositions supports a finding that Dr. Benefield has been prejudiced. This reasoning assumes (1) that there are critical witnesses supporting Dr. Benefield’s defense, (2) that he would have received a benefit had those witnesses been timely deposed, and (3) that now he will be denied that benefit because the memories of those witnesses have failed. Again, I note that Dr. Benefield is the only witness who would have been qualified to testify as to what occurred during Cornelius’s eye surgery. Cornelius’s attorneys had already received a copy of Dr. Benefield’s records and notes and did not expect his testimony to conflict with his records, as a deviation from what is written in the records could have meant disaster for Dr. Benefield’s defense against this claim.
¶41. Nevertheless, the majority concludes that because the surgery occurred five years ago, Dr. Benefield has suffered prejudice as a result of fading memories. “Although prejudice can be presumed [from] unreasonable delay, the preference for a decision on the merits must be weighed against any presumed prejudice to the defendant^] and the court may ... excuse [the] plaintiffs lack of diligence in the absence of any actual prejudice to the defendant.” Russell, 67 So.3d at 767 (¶ 23) (quoting Cox v. Cox, 976 So.2d 869, 876 (¶ 44) (Miss.2008)) (internal quotation marks omitted). In my opinion, the delay in bringing this case to trial is not unreasonable or inexcusable; there is no prejudice to Dr. Benefield; and any “presumed prejudice” does not outweigh the preference for a decision on the merits.
¶ 42. Inasmuch as I would find an absence of prejudice to Dr. Benefield as a result of the passage of time since the surgery, I would likewise find that lesser sanctions against Cornelius would “better serve the interests of justice.” Id. at 766 (¶ 17) (citation omitted). At the hearing on the motion to dismiss, Dr. Benefield argued that the “intentional withholding of critical relevant evidence that is set forth in Cornelius’s and Trotter’s affidavit[s]” supported his contention that no sanction other than dismissal with prejudice would remedy the prejudice that he suffered. Dr. Benefield has never specifically identified how these affidavits prejudice his ability to prepare for a trial on the merits. It does not require much imagination to conclude that Cornelius would give testimony adverse to Dr. Benefield, and if he wanted pretrial notice of Cornelius’s testimony so he could be prepared to rebut it, he could have taken her deposition. Further, based on the contents of Cornelius’s and Trotter’s affidavits, only Dr. Benefield could rebut what they said in them. Regardless, it is difficult to understand why the statements in either affidavit would be detrimental to Dr. Benefield’s defense, as neither affidavit impacts the ultimate issue in the case — whether or not he adhered to the standard of care in performing Cornelius’s surgery. Furthermore, there is no evidence that Cornelius’s failure to submit her affidavit or to disclose Trotter as a witness was an intentional act, as Dr. Benefield’s attorney claimed. In the absence of any prejudice to Dr. Benefield, I find no justification for the imposition of the extreme sanction of dismissal of the complaint with prejudice.
¶ 43. I understand that some members of the majority may view our supreme court’s rulings in Holder and Hanson v. *1043 Disotell, 106 So.3d 345 (Miss.2013), as restrictions on this Court’s ability to determine whether a circuit court has abused its discretion in granting a Rule 41(b) motion. However, because “[m]otions for failure to prosecute are considered on a case-by-case basis!,]” we are not confined by the Holder ruling. Holder, 54 So.3d at 197 (¶ 17) (citations omitted). The facts in Holder were more egregious than the facts before us. In Holder, after a one-year-and-eight-month delay, repeated failures to comply with discovery requests, repeated avoidance of numerous good-faith letters, and repeated failures to meet deadlines set by the rules of court, the circuit court dismissed the plaintiffs complaint with prejudice. Id. at 194-96 (¶¶ 1-12). Our supreme court affirmed the dismissal, stating that “[djelay alone may suffice for a dismissal under Rule 41(b).” Id. at 198 (¶ 20) (emphasis added) (quoting Cox, 976 So.2d at 875 (¶ 18)) (internal quotation marks omitted). The court found no actual prejudice, but presumed prejudice from the length of the delay, and found that lesser sanctions “in the present case would not serve the interests of justice.” Id. at 200-01 (¶¶ 30-33).
¶44. Almost one year later, our supreme court revisited dismissals with prejudice. In Russell, the circuit court determined that the record clearly demonstrated delay, as the incident that served as the basis for the plaintiffs complaint had occurred seven years earlier. Russell, 67 So.3d at 765 (¶ 14). However, it was clear from the record that the delay was due to factors beyond the plaintiffs control. Id. at 766 (¶ 16). Additionally, the court determined that the defendant had suffered no actual prejudice from the delay and that paying the costs of the reproduction of discovery documents would be a sufficient sanction against the plaintiff for the seven-year delay. Id. at 767 (¶ 25). Therefore, even though the delay was much longer than the delay in Holder, the court concluded that “the case need not be dismissed!.]” Id.
¶ 45. The only explanation, in my opinion, for the discrepancy between the Holder and Russell rulings is the presence of egregious conduct by the plaintiff. If not, then the Russell plaintiff would have suffered the same fate as the Holder plaintiff. That same distinction then — the absence of egregious conduct on the plaintiffs behalf — would keep this case from falling into the “delay alone may be sufficient” trap. While there has been a delay here, there is no evidence in the record that the delay is attributable to any intentional conduct by Cornelius. Dr. Benefield has not demonstrated that he has suffered any prejudice, and the presumption of prejudice, if any, does not outweigh the preference for a decision on the merits. Lastly, though a warning may have been an ineffective sanction, other sanctions, such as fines, costs, or even striking Cornelius’s and Trotter’s affidavits, would have served the interests of justice and would have cured any prejudice to Dr. Benefield, if found.
¶ 46. Likewise, Hanson’s facts are noticeably more egregious than the essential facts in Cornelius’s case. Thus, neither the Hanson ruling nor “our case-by-case discretionary review of Rule 41(b) dismissals,” Spec. Cone. Op. at (¶ 34), alters my opinion that the circuit court abused its discretion in dismissing Cornelius’s case with prejudice. In Hanson, the circuit court dismissed the plaintiffs complaint with prejudice after an eleven-year delay, the death of one of the defendants, and the relocation of certain witnesses. Hanson, 106 So.3d at 348 (¶ 10). Additionally, our supreme court had issued a previous mandate in Hanson, remanding the case for trial, after which four years passed without *1044 the plaintiff taking any action of record. Id.
¶ 47. It is understandable why a delay of this magnitude alone — eleven years— might justify dismissing a case with prejudice. But, in my opinion, the delay in Cornelius’s case — fifteen months — pales in comparison to the delay in Hanson. And even though our supreme court did not discuss “aggravating factors” in its analysis, they were clearly present, and would further justify a dismissal with prejudice. Unlike Hanson, however, all of this case’s essential parties are still alive, and there is no evidence that other critical witnesses, if any, cannot be found. Despite what might appear to be inconsistencies between our supreme court’s rulings regarding Rule 41(b) dismissals, the fact remains that dismissals with prejudice are reserved for the most egregious cases; and what is missing here is evidence of egregiousness sufficient to justify denying Cornelius her day in court.
¶ 48. For the reasons stated, I dissent.
LEE, C.J., AND GRIFFIS, P.J., JOIN THIS OPINION. JAMES, J„ JOINS THIS OPINION IN PART.