# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00557-COA

JANITA WEST                                                                                APPELLANT

v.

STATE FARM MUTUAL AUTOMOBILE                                      APPELLEES
INSURANCE COMPANY AND HARRY BRYANT
D/B/A HARRY BRYANT RODEO

DATE OF JUDGMENT:            05/30/2017
TRIAL JUDGE:                      HON. KATHY KING JACKSON
COURT FROM WHICH APPEALED:  GEORGE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     A. MALCOLM N. MURPHY
ATTORNEYS FOR APPELLEES:    H. BENJAMIN MULLEN
                                   MICHAEL F. MYERS
                                   MICHAEL RILEY MOORE
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION:                    AFFIRMED - 10/08/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., McDONALD AND C. WILSON, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Janita West (West) filed a complaint on December 15, 2000, against Johnnie K. Davis

(Davis) and Harry Bryant d/b/a Harry Bryant Rodeo (Bryant).  The complaint alleged injuries

and damages as a result of an automobile accident that occurred on December 17, 1997.  On

December 16, 2000, West also filed suit against State Farm Mutual Automobile Insurance

Company (State Farm) for uninsured/underinsured motorist benefits as well as breach of the

duty of good faith and fair dealing owed to West.[1]  The cases were consolidated on January 17, 2006.  Thereafter, West filed an amended complaint on February 15, 2008, also alleging negligent entrustment against Bryant.  On July 21, 2011, Bryant filed his first motion to dismiss for want of prosecution pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure, which the court denied on May 10, 2012.  The only activity between May 2012 and May 2014 was a motion in limine and motion to reconsider the denial of the motion in limine, which we will discuss below.  There was no activity on the case for two and a half years.  On November 30, 2016, Bryant filed a second motion to dismiss for lack of prosecution pursuant to Rule 41(b), which State Farm later joined.  The court granted the motion to dismiss.  West filed a motion to reconsider, which the court denied.  From the dismissal of the lawsuit for lack of prosecution, West appeals to this Court.  Finding no error, we affirm the trial court's decision.

**FACTS AND PROCEDURAL HISTORY**

¶2.     This case has had a twenty-two-year shelf life thus far.  West was involved in an accident on December 17, 1997.  On December 15, 2000, West filed her original complaint against Davis and Bryant in George County Circuit Court and alleged personal injury damages arising from the December 17, 1997 automobile accident.  Davis was driving a vehicle owned by Bryant.  West also alleged that because Davis was the agent, servant, and employee of Bryant at the time of the accident, Bryant was financially responsible for her damages.

---

[1] West filed suit against State Farm to preserve her right to claim uninsured motorist coverage in the event the driver, Davis, was uninsured.

2

¶3.     West was unable to serve Davis prior to his death.[2] After obtaining several extensions of time, West finally served Bryant on July 31, 2001. On October 31, 2002, Bryant answered and propounded written discovery to West. When West failed to timely respond, Bryant filed a motion to compel, and a hearing was set for May 7, 2004. The hearing did not occur because on May 6, 2004, the parties entered into an agreed order setting deadlines for the completion of discovery. But West failed to respond to the written discovery by the date in the agreed order, so the hearing on the motion to compel was reset for February 1, 2005. Again, the hearing did not occur because West responded with answers to the written discovery on January 31, 2005, a day prior to the scheduled hearing.

¶4.     West had also filed a separate lawsuit against State Farm for uninsured/underinsured motorist benefits and for the breach of the duty of good faith and fair dealing on December 16, 2000. Per West's request, the cases were consolidated, and West filed an amended complaint on February 15, 2008. In addition to the allegations in the original complaint, the amended complaint alleged that Bryant was guilty of negligent entrustment of his vehicle to Davis. Bryant filed his answer on March 8, 2008, denying the allegations of the amended complaint.

¶5.     Several years passed with no action by any party. On July 21, 2011, Bryant filed his first motion to dismiss for want of prosecution pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure, and West responded. On May 10, 2012, the court denied the motion and stated that "the case is ready for trial at this time so there should be no further

_____

[2] Davis's estate was never substituted as a party to the lawsuit, and it is unknown when he died. He is no longer a party to the lawsuit.

3

delay in bringing this matter to a conclusion."

¶6. On April 23, 2013, West filed a motion to strike and a motion in limine in the same document. West alleged that Bryant had failed to correctly plead the affirmative defense of Davis's unauthorized use of the vehicle Bryant owned. West argued that because the affirmative defense was not timely presented to the court, it was waived and should be stricken. West also filed a motion in limine to exclude evidence of Bryant's affirmative defenses at trial. On November 22, 2013, the court denied West's motion to strike. West filed a motion to reconsider the court's ruling on December 3, 2013. Both motions were denied.

¶7. There was no activity on the case for the next two and a half years. On November 30, 2016, Bryant filed a second motion to dismiss for lack of prosecution pursuant to Rule 41(b). A hearing was scheduled for March 30, 2017.

¶8. On February 13, 2017, West filed a motion for trial, notice of service of discovery and retention of originals, and noticed the motion for March 30, 2017.

¶9. On March 16, 2017, State Farm filed a motion to dismiss for want of prosecution pursuant to Rule 41(b) and, in the alternative, a motion for summary judgment or partial summary judgment. State Farm also joined Bryant's November 30, 2016 motion to dismiss.

¶10. A hearing on the motion to dismiss was held on March 30, 2017. On May 22, 2017, the circuit court entered an order granting Bryant and State Farm's motion to dismiss for want of prosecution. On May 30, 2017, West filed a motion to reconsider the order granting Bryant and State Farm's motion to dismiss. On the same day, the final judgment of dismissal

4

was entered.

¶11. On June 8, 2017, West filed a second motion to reconsider the order and the final judgment and argued that the court should consider lesser sanctions than dismissal. After a hearing on October 31, 2017, the circuit court denied West's motion to reconsider the dismissal on March 29, 2018. In its order, the court made a finding that "lesser sanctions would not suffice."

¶12. West timely appealed to this Court on April 6, 2018. West argued that the trial court erred regarding the following issues:

(1) The court erred in denying West's motion to strike the affirmative defense of unauthorized use of the vehicle by Davis.

(2) State Farm breached a duty owed to West pursuant to its contract with West and therefore it did not have standing to join Bryant's motion to dismiss.

(3) The court erred in granting Bryant and State Farm's motion to dismiss pursuant to Rule 41(b).

(4) The court erred in stating that lesser sanctions would not suffice in its order denying West's motion to reconsider.

¶13. This opinion does not reach issue number one, which is whether the court erred in denying West's motion to strike the affirmative defense, because we find that the trial court properly dismissed the case under Rule 41(b). Issue number four regarding the consideration of lesser sanctions will be discussed with issue three in this Court's discussion of the trial court's rulings on the motion to dismiss. Therefore, only two issues will be discussed.

**STANDARD OF REVIEW**

¶14. "When examining a trial court's dismissal of a case for want of prosecution, this Court

5

will affirm the trial court's findings of fact, unless the findings are manifestly wrong." *Jackson Pub. Sch. Dist. v. Head ex rel. Russell*, 67 So. 3d 761, 765 (¶10) (Miss. 2011). "A trial court's ruling on a dismissal for failure to prosecute will be reviewed for abuse of discretion." *Id.* Further, the standard of review for questions of law is de novo. *Health Mgmt. Assocs. Inc. v. Weiner*, 264 So. 3d 747, 749 (¶10) (Miss. 2019).

## DISCUSSION

### I. Whether State Farm had standing to join Bryant's motion to dismiss.

¶15. On March 16, 2017, State Farm filed a motion to dismiss for want of prosecution pursuant to Rule 41(b) and, in the alternative, a motion for summary judgment or partial summary judgment. State Farm also joined in Bryant's November 30, 2016 motion to dismiss. On appeal, West argues that State Farm had no standing to move for dismissal because "State Farm is prohibited from taking any action contrary to the coverage that would defeat West's right to seek compensation." West states that State Farm has a duty not to seek a dismissal that would defeat West's breach-of-contract and breach-of-duty claims. West cites *George B. Gilmore Co. v. Garrett*, 582 So. 2d 387, 388 (Miss. 1991), in support of her position. However, that case is simply a breach-of-contract case and has nothing to do with standing.

¶16. Although the issue of standing was raised for the first time on appeal, our Courts have held that "'[s]tanding' is a jurisdictional issue [that] may be raised by any party or the Court at any time." *City of Madison v. Bryan*, 763 So. 2d 162, 166 (¶20) (Miss. 2000). In *Mississippi High School Activities Ass'n Inc. v. R.T. ex rel. Trail*, 163 So. 3d 274, 277 (¶8)

6

(Miss. 2015), the supreme court held:

> This Court reviews questions of law, including questions of standing and the existence of legally cognizable claims, de novo. Mississippi's standing requirements—unlike the standing requirements in federal court—are quite liberal. Parties have standing to sue or intervene when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law.

(Internal citations and quotation marks omitted).

¶17. In this case, West sued State Farm and made it a party to the action. State Farm had a colorable interest in the litigation, and it had a right to defend itself against West's claims. Therefore, State Farm clearly has standing and can use any of the procedural rights embodied in the Mississippi Rules of Civil Procedure. Rule 41(b) states, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, **a defendant** may move for dismissal of an action or of any claim against him." (Emphasis added). At the time the court dismissed the case, it had been pending for almost seventeen years. Because we find that State Farm was a proper defendant we also find that it had a right to seek a dismissal under Rule 41(b). Accordingly, this issue is without merit.

## II. Whether the court erred in dismissing the case pursuant to Rule 41(b).

¶18. In its May 22, 2017 order, the court granted Bryant and State Farm's motion to dismiss. On May 30, 2017, the court entered a final judgment dismissing West's case for failure to prosecute pursuant to Rule 41(b) with prejudice. Thereafter, the court denied West's motion for reconsideration. Finding no error, we affirm.

¶19. This Court "may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory

7

or contumacious conduct by the plaintiff; and (2) a finding by this Court that lesser sanctions would not serve the interests of justice." *Regan v. S. Cent. Reg'l Med. Ctr.*, 234 So. 3d 1242, 1245 (¶10) (Miss. 2017). Additionally, a more recent supreme court case "identified several other aggravating factors that *may* be considered, including the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *SW 98/99 LLC v. Pike County*, 242 So. 3d 847, 853 (¶21) (Miss. 2018) (emphasis added).

### a. Clear record of delay or dilatory conduct

¶20. In this case there was a clear record of dilatory conduct, or delay. This case had been pending for sixteen years when it was dismissed for lack of prosecution. As previously stated, the case was filed on December 15, 2000. West served Bryant on July 31, 2001. Bryant served West with his answer and written discovery on October 31, 2002.[3] After having to file a motion to compel, West finally responded to Bryant 823 days later, on January 31, 2005. In *Holder v. Orange Grove Medical Specialties P.A.,* 54 So. 3d 192, 197 (¶19) (Miss. 2010), the supreme court found a clear record of delay when the plaintiffs failed to respond to the defendant's interrogatories for 435 days, failed to timely serve discovery requests on the defendant, and were late in responding to the defendant's motion to dismiss. We see a similar pattern of delay in this case with Bryant having to set a hearing on a motion

---

[3] The Court notes that throughout the litigation Bryant did not act swiftly to bring this case to a conclusion either. But Bryant did not initiate the action and has not been accused of preventing West from moving the case forward.

8

to compel responses to discovery only to agree to a deadline that West still failed to meet.

¶21.    Between 2005 and 2008, the only action West took was to consolidate the cases and file an amended complaint. Thereafter, West did nothing until July 21, 2011, two and a half years later, when Bryant filed his first motion to dismiss for want of prosecution. West responded to the motion and was given a fresh start when the court denied the motion. But West failed to take advantage of that opportunity and did nothing between May 2012 and May 2014 except to file a motion in limine concerning Bryant's affirmative defenses. After that issue was disposed of, West still did nothing for another two and a half years until Bryant filed a second motion to dismiss for lack of prosecution on November 30, 2016.

¶22.    West's counsel failed to show that he made any efforts to move the case to conclusion during the last two and a half year delay. At least when the first dismissal was sought, West's counsel was able to list several actions it had taken. But counsel offered little, if any, explanation of his lack of activity in the subsequent thirty months. West's counsel falls on his sword and argues that the delay was not due to any fault of his client but due to his overwhelming case load while closing his practice. This still fails to account for five years of relative inactivity.

¶23.    In *Regan*, the appellant did little to prosecute her claim for five years as well. *Regan*, 234 So. 3d at 1246 (¶15). Within five years, Regan noticed two depositions, renoticed the same two depositions, and finally took one of the parties' deposition.[4] *Id.* The supreme court

_____

[4] Fifteen months passed before Regan filed two notices to depose Denise Felton and Timothy Dykstra. *Regan*, 234 So. 3d at 1245 (¶15). Then, Regan waited more than two years before renoticing the same two depositions in April and June 2014. *Id.* Thereafter, Regan finally took Denise Felton's deposition on June 19, 2014. *Id.* After that, Regan's

9

found that the record supported a clear record of delay although there was no record evidence that the plaintiff caused the delay. *Id*. at (¶16). *See also Hillman v. Weatherly*, 14 So. 3d 721, 726-27 (¶20) (Miss. 2009) (finding a clear record of delay where the five-year record only showed activity after the clerk moved to dismiss the case for want of prosecution). The delay in this case, almost seventeen years from the date of filing to the date of the dismissal, is inexplicable and even more egregious than *Regan*. We find no abuse of discretion in the trial court's dismissal of West's case with such a clear record of inexcusable delay.

### b. Consideration of lesser sanctions

¶24. In its order granting the second motion to dismiss, the court noted that the defendants had filed a similar motion several years before that it had denied. The court said "nothing of substance has occurred in this case since that time. The court can see no reason to deny the defendant's motion at this time." West moved the court to reconsider and argued that lesser sanctions would better serve justice in this case. In its order denying the motion to reconsider, the court addressed West's argument. The court specifically said:

> Plaintiff filed her Complaint on December 15, 2000, almost eighteen (18) years ago and almost twenty-one (21) years after the accident forming the basis of the Complaint. "A plaintiff's delay alone may warrant dismissal if the trial court finds lesser sanctions would not suffice." [*Regan,* 234 So. 3d at 1243 (¶1).] Considering the nature of the claim, the decades that have passed with little to no action taken by the Plaintiff for years at a time, the Court finds dismissal was the appropriate ruling as lesser sanctions would not suffice.

¶25. West first argues that she was not given the opportunity to argue for lesser sanctions, but the record clearly shows that she was. West feels that because the order denying the

case sat idle for an additional sixteen months. *Id.*

10

motion to dismiss did not include any language about lesser sanctions, the court erred in including it in the order denying the motion for reconsideration.  However, one of the purposes of filing a motion to reconsider (or a Mississippi Rule of Civil Procedure Rule 59(e) motion to amend the judgment) is to correct any clear error of law.  *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004).  In considering a motion to dismiss for want of prosecution, the court must consider whether the imposition of lesser sanctions would have better served the interest of justice.  *SW 98/99,* 242 So. 3d at 855 (¶26).  Accordingly, in her motion to reconsider, West brought to the court's attention the need, not only to deal with the delay, but also whether lesser sanctions would suffice.  West made her argument, which the court in its discretion rejected.  We find no merit to West's claim that she was denied the opportunity to argue for lesser sanctions.

¶26.     West next argues that the court erred in not imposing lesser sanctions after Bryant filed the second motion to dismiss for failure to prosecute.  Lesser sanctions include fines, costs, or damages against a plaintiff or his or her counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.  *Id.*  For example, in *Hasty v. Namihira*, 986 So. 2d 1036, 1040-41 (¶18) (Miss. Ct. App. 2008), we considered the clerk's notice of dismissal to be an explicit warning, and the dismissal of the case without prejudice to be a lesser sanction.

¶27.     In this case, when the court denied Bryant's first motion to dismiss on May 10, 2012, it recounted the history of the case before coming to its decision:

> This cause was filed on December 15, 2000 based on an accident that occurred in 1997.  While the Court notes that the matter has been pending for a number

11

> of years, the plaintiff responded to the Motion to Dismiss with legitimate reasons for the delays herein which included efforts to obtain driving records from the State of Alabama and almost two years in delays because of the impracticality of holding a jury trial in George County while the lone Courtroom was undergoing extensive remodeling. It is also clear from the record in the matter that the cause has not been delayed by actions of the plaintiff. *Jackson Public School District v. Russell,* 67 So. 3d 761 (Miss. 2011). *Based upon the foregoing, this case is not ripe for dismissal for want of prosecution. However, the case is ready for trial at this time so there should be no further delay in bringing this matter to a conclusion.*

(Emphasis added). This was the court's ruling in 2012. When the court denied the first motion to dismiss, West received a pass for any past delays for prosecuting the case. The denial of Bryant's first motion to dismiss was also an explicit warning to West that the court would not tolerate further delays. Because West failed to heed this 2012 warning, we hold that the court did not abuse its discretion in choosing dismissal over the imposition of lesser sanctions in 2017 on a case that had been pending for nearly seventeen years with multiple periods of inaction.

¶28. Failure of the court to itemize the lesser sanctions it considered does not warrant a reversal. In *Regan*, the supreme court stated that "the absence of even a general express finding on lesser sanctions does not require reversal." *Regan*, 234 So. 3d at 1247 (¶20). "While this Court may be less likely to affirm a Rule 41(b) dismissal if the record does not reflect that the trial court considered lesser sanctions, it is clear that the ultimate decision lies with this Court." *Id.* Here the court did expressly say that it had considered and rejected lesser sanctions, and we find no abuse of its discretion in doing so.

¶29. Finally, West argues that in this case there were no allegations or proof that (1) the delay was caused by the plaintiff personally, (2) the delay caused prejudice to the defendant,

12

or (3) the delay resulted from intentional conduct. While these are some of the aggravating factors that the court may consider in imposing lesser sanctions, the court is not required to utilize them. *SW 98/99,* 242 So. 3d at 856 (¶29) (holding that aggravating factors *may* bolster or strengthen a defendant's case in support of dismissal but that they are not prerequisites to a judgment of dismissal). Here the court considered the arguments West raised in her motion to reconsider and specifically ruled that in its opinion, lesser sanctions would not suffice. We find that the court was not manifestly wrong nor did it abuse its discretion in so ruling.

## CONCLUSION

¶30. For the foregoing reasons, we affirm the judgment of the George County Circuit Court.

¶31. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McCARTY AND C. WILSON, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**