JAMES, J.,
for the Court:
¶ 1. Derrick Amos Sr. (Amos) filed a negligence action on behalf of his minor son, Derrick Amos Jr. (Derrick), against the Jackson Public School District (JPSD) in the County Court of the First Judicial District of Hinds County, for injuries Derrick suffered during a recreational football game at school. Following a bench trial, the trial court entered a judgment in favor of the JPSD, after finding that the JPSD was not negligent. Amos appealed to the Circuit Court of Hinds County, and the circuit court affirmed. Amos now appeals. Finding no error, we affirm.
FACTS
¶ 2. In 2008, Derrick was a student at Chastain Middle School. On April 25, 2008, Derrick’s math teacher, Anthony Burkett, took his math class outside as a reward for the class’s positive examination results. Derrick and other male students decided to play a game of football. During the game, Derrick broke his thumb when he tackled another student. On October 24, 2008, Amos filed a complaint in the County Court of the First Judicial District of Hinds County against the JPSD alleging that the JPSD was negligent in allowing the students to play tackle football. The JPSD filed an answer asserting among its defenses immunity under the Mississippi Tort Claims Act (MTCA) pursuant to Mississippi Code Annotated section 11-46-9(1) (Rev.2012).
¶ 3. A bench trial was held on January 27, 2010. At trial Derrick testified that he was injured when he tackled another student, DeAndre Jones. Derrick testified that during the class period, Burkett was using his cellular phone and was not properly supervising the class. According to Derrick, Burkett never told the students not to tackle. DeAndre also testified that Burkett did not instruct the students not to tackle. DeAndre testified that he saw Burkett with a cellular phone in his hand; however, DeAndre could not say for certain whether Burkett was using the phone at the time of the incident.
¶ 4. Burkett testified that he told the students not to play tackle football. Burk-ett stated that he witnessed at least one tackle prior to Derrick’s injury and again instructed the students not to tackle. Burkett denied that he was using his phone at the time of the incident.
¶ 5. At the close Amos’s evidence, the JPSD moved for a directed verdict in its favor on the ground of immunity under the MTCA. The JPSD also moved for a di *123 rected verdict on the ground that Amos failed to meet the necessary elements to establish negligence, namely that the evidence did not establish a duty, a breach of duty, or causation. The trial court took both motions under advisement. The JPSD then rested its case and the trial court heard closing arguments. The trial court ruled orally from the bench, finding that the JPSD was not negligent. The trial court also found that the JPSD had immunity pursuant to the MTCA, as Burk-ett was performing a discretionary function. On January 28, 2010, the trial court entered final judgment finding that the JPSD was not negligent.
¶ 6. Amos filed a motion for a judgment notwithstanding the verdict (JNOV) or for a new trial, which the trial court denied by order entered March 1, 2010. Amos then appealed to the Circuit Court of Hinds County, arguing that the JPSD waived immunity by actively participating in the litigation and failing to file a motion to dismiss. The circuit court affirmed the trial court’s judgment without addressing the waiver issue, finding that the trial court specifically found that the JPSD was not negligent. Amos appeals the judgment of the circuit court raising the following issues: (1) whether the circuit court erred in affirming the judgment of the trial court because the trial court applied an incorrect legal standard; and (2) whether the trial court ignored evidence in finding that the JPSD was not negligent; and (3) whether the JPSD waived immunity by failing to pursue the issue.
DISCUSSION
¶ 7. We first note that the trial court granted the JPSD’s motion for a directed verdict; however, “the appropriate motion in a case tried without a jury is not a motion for [a] directed verdict, but [a motion] for involuntary dismissal, pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure.” Gulfport-Biloxi Reg’l Airport Auth. v. Montclair Travel Agency, Inc., 937 So.2d 1000, 1004 (¶ 13) (Miss.Ct.App.2006). Rule 41(b) provides, in part, that “[a]fter the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.” The standard for a motion for involuntary dismissal is different from that of a directed verdict in that the trial court “should grant a motion for involuntary dismissal if, after viewing the evidence fairly, rather than in the light most favorable to the plaintiff, the judge would find for the defendant.” Montclair, 937 So.2d at 1004 (¶ 13) (citing Stewart v. Merchants Nat’l Bank, 700 So.2d 255, 259 (Miss.1997)). Further, “[t]he court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiffs evidence were all the evidence offered in the case.” Id. Finally, “[i]n reviewing a trial court’s grant or denial of a Rule 41(b) motion for involuntary dismissal, we apply the substantial evidence/manifest error standards.” Montclair, 937 So.2d at 1005 (¶ 13).
¶ 8. We also note that Amos’s first two assignments of error are argued for the first time on appeal to this Court. Amos did not raise these issues in his motion for a JNOV before the trial court, or in his appeal to the circuit court. We have held that “[i]ssues not raised at trial cannot be raised on appeal.” Johnson v. Alcorn State Univ., 929 So.2d 398, 407 (¶ 31) (Miss.Ct.App.2006) (citing Southern v. Miss. State Hosp., 853 So.2d 1212 (¶ 5) (Miss.2003)). Thus, these issues are not properly before this Court. The procedur *124 al bar notwithstanding, we will address Amos’s assignments of error.
I. Whether the trial court applied an erroneous legal standard.
¶ 9. Amos argues that the trial court used an erroneous legal standard in finding for the JPSD. Particularly, Amos argues that the trial court applied the assumption-of-risk doctrine when it found that the JPSD was not negligent. Amos argues that it was error for the trial court to apply the assumption-of-risk doctrine, which Amos contends was “a significant factor” in the trial court’s decision. We disagree.
¶ 10. Here, the county court was the fact-finder, and the circuit court, and this Court, are bound by the county court’s judgment if its judgment was supported by substantial evidence and was not manifestly wrong. Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss.1990). As to the findings of fact and conclusions of law, “the judgment of a circuit or county court in a non-jury trial is entitled to the same deference on appeal as a chancery court decree.” Id. (citing Rives v. Peterson, 493 So.2d 316, 317 (Miss.1986)). Thus, “it will be assumed the trial judge made all necessary findings of fact in favor of [the] appellee, whether stated or not.” Id. (citing Brown v. Williams, 504 So.2d 1188, 1191 (Miss.1987)). Furthermore, if the county court’s judgment “can be sustained for any reason, it must be affirmed, ... even [if] the trial judge based it upon the wrong legal reason.” Id.
¶ 11. In ruling from the bench, the trial court found that “the [JPSD] was not negligent. ... [W]hat wrong did the district commit? None[.] ... [T]here is no negligence in taking children outside.” Likewise, the trial court found that Burkett did not abuse his discretion because the principal approved of his decision to take the students outside. The trial court went on to discuss foreseeability, noting that “[n]o one could foresee that [Derrick] would try to tackle a larger student than himself[,] ... [causing the] larger student to fall on his thumb. Unusual, unpredictable, and unbelievable.” In addition, the trial court stated: “Did [Derrick] assume the risk? Any time you aggressively tackle a larger opponent, you assume the risk of being injured.”
¶ 12. The trial court entered a final judgment finding that the JPSD was not negligent. The circuit court affirmed the judgment of the trial court, noting that the trial court “specifically found that the [JPSD] was not negligent,” and that the finding was “supported by substantial evidence.”
¶ 13. Amos is correct in his assertion that, in Mississippi, the assumption-of-risk doctrine has been subsumed into comparative negligence. See Churchill v. Pearl River Basin Dev. Dist., 757 So.2d 940, 943 (¶ 12) (Miss.1999). Here, however, the trial court specifically found that the JPSD was not negligent. That the trial court, after finding that the JPSD was not negligent, went on to discuss the fact that Derrick assumed the risk by voluntarily playing in the game is superfluous. It is clear from the record that the trial court did not utilize the assumption-of-risk doctrine as a bar to recovery. This is supported by the trial court’s final judgment, which states: “[T]he court[,] ... having heard testimony and considered the evidence, determined] that the [defendants were not negligent.” We find that the trial court did not apply an erroneous legal standard. Accordingly, this issue is without merit.
II. Whether the trial court ignored evidence in finding that the JPSD was not negligent.
¶ 14. Amos next argues that the trial court “ignorefd] a great amount of *125 evidence,” and “made a simple conclusion that the [JPSD] was not negligent.” Essentially, Amos argues that the trial court’s finding was not supported by substantial evidence.
¶ 15. As noted above, an involuntary dismissal should be granted if “after viewing the evidence fairly, rather than in the light most favorable to the plaintiff, the judge would find for the defendant.” Montclair, 937 So.2d at 1004 (¶ 13).
¶ 16. Here, the trial court discussed the evidence and testimony at length when ruling from the bench. The trial court cited to testimony, stating that the purpose of taking the students outside was to reward them for their achievements on the math examination. As to foreseeability, the trial court cited to trial testimony in concluding that the injury was not foreseeable. The trial court also noted that, based on the testimony, Derrick was playing voluntarily. Finally, the trial court found that Burkett did not abuse his discretion because the school principal approved the move outdoors.
¶ 17. Based on the record before us, it is clear that the trial court considered the evidence and testimony in rendering his judgment. Viewing the evidence fairly, we find that the trial court’s judgment was based on substantial evidence. Therefore, this issue is without merit.
¶ 18. Because the trial court specifically found that the JPSD was not negligent, we do not need to address whether the JPSD waived immunity under the MTCA. Accordingly, the judgment of the circuit court is affirmed.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.