WILSON, J.,
dissenting:
¶ 40. I agree with most of the majority opinion. I agree that the Dr. Corder should not have been allowed to testify that there is no recognized' standard of care regarding patient positioning during the removal Of the central line. I also agree that Dr. Corder should not have been allowed to testify that Della had a stroke. Therefore, I also agree with the majority that the circuit court’s findings based on this testimony are not supported by substantial evidence.
¶41. Despite my agreement with the majority on these points, I believe that we are compelled to affirm because the circuit court’s decision was based on additional, independent, and sufficient findings of fact that do not rely on any testimony from Dr. Corder that was beyond the scope of Singing River’s expert disclosures. The majority quotes extensively from the trial court’s findings of fact but admittedly “stop[s]” in the middle of those findings. Ante at (¶¶ 11-12). The next paragraph of the *674 trial court’s opinion, which the majority-does not quote, is critical:
Even if plaintiff had been able to definitively establish the Trendelenberg [sic] position as the applicable standard of nursing care for [positioning the patient during] central line removal, the facts also establish that such a standard would not be absolute, and under the right circumstances, a position other than Trendelenberg [sic] is acceptable. Here, the defendant presented evidence as to the plaintiffs ability to tolerate the Trendelenberg [sic] position. Therefore, even if that were the standard, the intolerance of the plaintiff to that position would allow for deviation from the standard without violation of the standard.
The trial court’s finding that “under the right circumstances, a position other than Trendelenberg [sic] is acceptable” was based not only on Dr. Corder’s testimony but also on the testimony of Della’s own experts.
¶ 42. When, as in a case brought under the Tort Claims Act, the circuit judge sits as the finder of fact, we “are bound by the [circuit] court’s judgment if its judgment was supported by substantial evidence and was not manifestly wrong.” Amos ex rel. Amos v. Jackson Pub. Sch. Dist., 139 So.3d 120, 124 (¶ 10) (Miss.Ct.App.2014). “As to the findings of fact and conclusions of law, the judgment of a circuit ... court in a non-jury trial is entitled to the same deference on appeal as a chancery court decree.” Id. (quotation marks omitted). “Furthermore, if the [circuit] court’s judgment can be sustained for any reason, it must be affirmed, even if the trial judge based it upon the wrong legal reason.” Id. (emphasis added; quotation marks, ellipsis, and brackets omitted). “The trial judge’s conclusions will not be disturbed on appeal where there is substantial supporting evidence in the record, even if this Court might have found otherwise as an original matter.” Scott Addison Constr., Inc. v. Lauderdale Cnty. Sch. Sys., 789 So.2d 771, 773 (¶ 8) (Miss.2001) (emphasis added) (citing Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994)).
¶ 43. The factual question whether Della was able “to tolerate the Trendelenberg [sic] position” was the subject of conflicting evidence at trial. But there is evidence to support the circuit court’s finding that she could not tolerate it, including Nurse Steele’s testimony and Dr. Corder’s testimony. In addition, Della’s experts acknowledged that certain of her conditions — chronic obstructive pulmonary disease (COPD) and a partially collapsed lung, which required her to use an oxygen tank — could make it difficult for a patient to breathe in the Trendelenburg position. I might or might not have reached the same conclusion as the trial judge, but that is not our standard of review. The question is simply whether there was substantial supporting evidence in the record to support the above-quoted factual findings. There was, and those factual findings are sufficient to sustain the judgment independent of and despite any error committed by the trial judge in overruling Della’s objections to parts of Dr. Corder’s testimony. See, e.g., Palmer v. Biloxi Regional Med. Ctr., Inc., 564 So.2d 1346, 1354-55 (Miss.1990) (holding that there can be no liability in a medical malpractice case absent a' breach of the standard of care). Therefore, I respectfully dissent.
ISHEE, J„ JOINS THIS OPINION.